## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SAMANTHA COOK | ) | JURY TRIAL DEMANDED |
| 3162 Valley Water Mill #6004 | ) | |
| Springfield, MO 65803 | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Olathe Health System, Inc. | ) | |
| Registered Agent: | ) | |
| Frank H. Devocelle | ) | |
| 20333 W. 151st. | ) | 10-CV-2133 KHV/DJW |
| Olathe, KS 66061 | ) | |
| | ) | |
| Melissa Davenport | ) | |
| 685 S. Cypress St. | ) | |
| Gardner, KS 66030 | ) | |
| | ) | |
| Kellie Moulin | ) | |
| 8520 Monrovia St. | ) | |
| Lenexa, KS 66215 | ) | |
| | ) | |
| Lee R. Kibbee | ) | |
| 15788 W. 147th St. | ) | |
| Olathe, KS 66062 | ) | |
| | ) | |
| Wesley H. Smith | ) | |
| Address Unknown | ) | |
| Olathe, KS 66061 | ) | |
| | ) | |
| The City of Olathe Police Department | ) | |
| 501 E. Old 56 Highway | ) | |
| Olathe, KS 66061 | ) | |
|    Defendants. | ) | |

### COMPLAINT FOR DAMAGES

**COMES NOW** Samantha Cook, by and through her undersigned counsel of record

Jeremiah Johnson, and for her cause of action against the Defendants, states as follows:

### STATEMENT OF FACTS

1. Samantha Cook is an individual who resided at 3162 Valley Water Mill #6004,

  Springfield, Missouri 65803 on the date of the events giving rise to this suit. Prior to

1

the charges that are the basis of this action, Miss Cook had never been charged with a crime.

2. Defendant Olathe Health System, Inc. is a Kansas corporation whose registered agent is Frank Devocelle, 20333 W. 151st., Olathe, KS 66061. Olathe Health System, Inc. is the parent company of Olathe Medical Center ("OMC").

3. Defendant Melissa Davenport is an individual residing at 685 S. Cypress St., Gardner, KS 66030. She was employed by OMC as a nurse on April 17, 2008.

4. Defendant Kellie Moulin is an individual residing at 8520 Monrovia St., Lenexa, KS 66215. She was employed by OMC as a nurse on April 17, 2008.

5. Defendant Lee Kibbee is an individual residing at 15788 W. 147th St., Olathe, KS 66062. Lee Kibbee is named in the battery count only to the extent the evidence shows that he was not acting in his capacity as an Olathe Police Department Officer and is not subject to the provisions of the Kansas Tort Claims Act or other applicable law. Lee Kibbee is unconditionally named in the 42 USC 1983 Count.

6. Defendant Wesley Smith is an individual residing at an unknown address, believed to be in Johnson County, KS. Wesley Smith is named in the battery count only to the extent the evidence shows that he was not acting in his capacity as an Olathe Police Department Officer and is not subject to the provisions of the Kansas Tort Claims Act or other applicable law. Wesley Smith is unconditionally named in the 42 USC 1983 Count.

7. The City of Olathe Police Department may be served at 501 E. Old 56 Highway.

8. Jurisdiction is invoked pursuant to 28 U.S.C. § 1332 as the Plaintiff has diversity of citizenship with Defendants and Plaintiff is seeking damages exceeding seventy-five thousand dollars ($75,000).

9. Venue is proper in this Court.

## THE OCCURRENCE

10. On April 17, 2008, Samantha Cook was driving North on I-35 in Olathe, Kansas. She was stopped by Olathe Police Department Officer Lee Kibbee for speeding.

11. Officer Kibbee began to investigate Samantha Cook for an alleged violation of KSA 8-1567. Miss Cook was arrested, handcuffed, and placed in a small Plexi-glass enclosure dividing the rear seat of Kibbee's patrol car.

12. Due to a childhood incident where Samantha was sexually assaulted by a police officer, she began to hyperventilate in the small confines of the plexi-glass enclosure. Her distress was so severe that Olathe police officers requested an ambulance.

13. Officer Kibbee and Officer Smith then forced Miss Cook, to kneel on the side of the road with her hands cuffed behind her back.

14. Samantha Cook informed the ambulance staff and Officers Kibbee and Wesley Smith about her childhood incident, which explained her distress.

15. The ambulance staff placed Samantha Cook on a gurney and secured her with leather medical restrains on her arms, legs, and torso.

16. Olathe officers Smith and Kibbee did not remove Miss Cooks handcuffs, leaving her cuffed and strapped to the gurney.

17. Officers Kibbee and Smith elected to ride in the ambulance. In the ambulance, Officers Kibbee and Smith physically battered Samantha Cook by hitting her, laying on her, and choking her.

18. At OMC, Officers Kibbee and Smith continued their physical battery of Samantha Cook.

3

19. OMC nurses, with the assistance of Officers Kibbee and Smith, then forcibly removed Samantha Cook's clothing.

20. Officers Kibbee and Smith attempted to obtain consent for blood and urine samples pursuant to KSA 8-1001 which did not allow for the forced collection of blood or urine samples from Miss Cook.

21. Samantha Cook did not consent to blood or urine collection or any hospital procedures.

22. Officers Kibbee and Smith then held Samantha Cook's legs apart as OMC employees, including Nurses Davenport and Moulin, performed forced and barbaric non-consensual blood and urine draws.

23. During the forced urine collection of Samantha Cook, officers Kibbee and Smith made jokes with the nurses and laughed while Samantha Cook screamed in protest and pain and began to cry.

24. As a direct and proximate result of the fault of the Defendants, which will be set forth below, Plaintiff Samantha Cook sustained or was caused to sustain painful and permanent injuries including, but not limited to her: arms; legs; torso; shoulders; head; face; and pelvis.

25. As a direct and proximate result of the fault of the Defendants, Samantha Cook suffered severe mental anguish, anxiety, and distress leading to depression and other severe consequences.

## COUNT I - BATTERY BY OLATHE POLICE OFFICERS LEE KIBBEE & WESLEY SMITH

26. Plaintiff incorporates by reference and realleges paragraphs 1 through 25.

27. Defendants Lee Kibbee and Wesley Smith intentionally initiated offensive contact with Plaintiff consisting of, but not limited to, pinning Samantha Cook's arms, legs

4

and torso in a violent and offensive manner; cutting and ripping her clothes off of her body; inserting a needle into her body; forcing the collection of her blood; and physically forcing a catheter into her body and to compel collection of her urine.

28. Samantha Cook never consented to any physical contact of her person by Officer Kibbee, Officer Smith, nurse Moulin, nurse Davenport, or any other individuals.

29. The contact by the Defendants was offensive and harmful to Samantha Cook, and the level of offensiveness would be offensive to any reasonable person.

30. Plaintiff, as a direct and proximate results of the fault of the Defendants, suffered permanent and painful damages from the offensive contact including: abrasions and scratching to her arms, legs, torso head, face, and pelvis; tearing in her pelvis; pain; suffering; anxiety; mental and emotional damage and distress; and impairment of her enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment against Defendants Lee Kibbee and Wesley Smith in the amount of $2,500,000, for pre and post judgment interest, costs, and for such other and further relief as the Court may deem just and proper.

## COUNT II - INTENTIONAL AND/OR NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS BY OLATHE MEDICAL CENTER

31. Plaintiff incorporates by reference and realleges paragraphs 1 through 30.

32. Defendants OMC and its employees intentionally, recklessly, or negligently initiated extreme, harmful, offensive, and outrageous conduct against Plaintiff, including, but not limited to, physically restraining Samantha Cook against her will; pinning her arms, legs and torso in a violent and offensive manner; cutting and ripping her clothes off of her body; inserting a needle into her body, forcibly taking her blood; physically forcing a catheter into her body, forcing the taking of her urine; having

5

two male officers see her stripped and a catheter forced into her body; yelling at Samantha Cook while Samantha Cook was under physical and mental duress; and joking and laughing in the presence of Samantha cook while Samantha Cook was stripped naked.

33. Samantha Cook, as a direct and proximate result of the Defendant's actions, suffered severe emotional distress, anxiety, and harm, effecting her mental state and enjoyment of life.

**WHEREFORE,** Plaintiff demands judgment against Defendants for $2,500,00, pre and post judgment interest, costs, and for fair and reasonable damages on Count II, and for such other and further relief as the Court may deem just and proper.

## COUNT III - NEGLIGENCE BY OLATHE HEALTH SYSTEM, INC.

34. Plaintiff incorporates by reference and realleges paragraphs 1 through 33.

35. OMC and its employees owed and breached multiple duties of care to Samantha Cook, including but not limited to:

   a. The duty to inform Miss Cook about proposed treatment and rights involving such treatment. This duty was breached when OMC nurses and doctors subjected Samantha Cook to medical treatment without advising her of the nature of such treatment or her rights regarding such treatment;

   b. The duty to respect a patient's wishes regarding treatment. This duty was breached when OMC nurses and doctors subjected Samantha Cook to medical treatment, tests, and procedures against her will;

   c. The duty to understand and follow Kansas and Federal law regarding non-consensual blood and urine draws requested by police. This duty was breached

6

when OMC employees took non-consensual blood and urine samples from Samantha Cook;

d.  The duty to maintain confidentiality in patient records. This duty was breached when OMC employees provided Samantha Cook's non-consensual blood and urine samples to Olathe Police for use in a criminal investigation when it was not proscribed by Kansas law;

e.  The duty to properly investigate the circumstances surrounding a patient's admittance. This duty was breached when OMC employees made treatment decisions based upon unconfirmed information from Olathe Police officers. This duty was further breached when OMC employees did not properly take information from Samantha Cook into account when making treatment decisions;

f.  The duty to properly use medical restraints. This duty was breached when leather restraints were improperly applied to Samantha Cook's body, without proper consent, and against standard and accepted medical practices.  This duty was further breached when OMC employees allowed police to handcuff Samantha Cook to various hospital property including her hospital bed;

g.  The duty to minimize contact with the members of the opposite sex while naked or partially unclothed. This duty was breached when OMC employees allowed male police officers to view Samantha Cook partially or fully unclothed. This duty was further breached when OMC employees allowed male staff to have unnecessary contact with Samantha Cook while she was fully or partially unclothed;

h.  The duty to provide treatment in the least evasive means possible. This duty was breached when OMC employees performed unnecessary invasive procedures;

i.  The duty to properly supervise employees. This duty was breached when OMC allowed employees to perform procedures and make medical decisions without proper supervision or training;

j.  The duty to properly supervise doctors. This duty was breached when OMC allowed doctors to perform procedures and make medical decisions without proper supervision; and

k.  The duty to provide proper hospital security. This duty was breached when OMC allowed non-employees, including police officers to view and/or participate in the treatment of Samantha Cook.

36. Miss Cook, as a direct and proximate result of the fault of the Defendants, suffered severe emotional and physical injuries including, but not limited to: bruises, abrasions, and scratching to her arms, legs, torso, neck and pelvis; tearing in her pubic region; pain; suffering; anxiety; mental and emotional damage and distress; and impairment of her enjoyment of life.

**WHEREFORE,** Samantha Cook demands judgment against Defendant Olathe Health System, Inc. for $2,500,000, pre and post judgment interest, attorney's fees, costs, and for such further relief as the Court may deem just and proper.

### COUNT IV - 42 USC 1983 CIVIL RIGHTS VIOLATIONS BY THE OLATHE, KANSAS POLICE DEPARTMENT AND OR OLATHE HEALTH SYSTEMS

37.  Samantha Cook incorporates paragraphs 1-36 as if fully reinstated herein.

38. Samantha Cook was deprived of her Constitutional rights by employees of the Olathe, KS Police Department. The actions of Olathe Police were due, at least in part,

to inadequate training and supervision methods, custom, policy, or practice, and/or authorization by authority figures.

39. Olathe Police, possibly in concert with OMC employees, acted under color of Kansas law in depriving Samantha Cook of rights, privileges, or immunities secured by the United States Constitution and applicable federal law.

40. Specifically, Samantha Cook was deprived of her 4th Amendment Rights to be free from unreasonable searches and seizures and her 14th Amendment Due Process Rights when Olathe Police Officers used excessive force after she had been arrested and restrained by handcuffs and medical restraints. The excessive force included, but is not limited to the barbaric holding of Samantha Cook's legs so a catheter could be forcibly inserted into her, forcibly removing her clothes, forcibly taking her blood and urine, and choking her.

41. Miss Cook was also subjected to an unconstitutional strip search, in violation of Federal law and the 14th Amendment, when Olathe Police officers and OMC staff forcibly removed her clothing to facilitate a urine sample not authorized by any law.

42. Olathe Police officers and Olathe Medical Center Personnel further deprived Miss Cook of her 9th and 14th Amendment privacy rights when police were allowed to take part in Miss Cook's medical care and forcibly removed her clothing to facilitate a urine sample not authorized by Kansas law.

43. The actions of Olathe Police and OMC personnel are not entitled to qualified immunity as they violated clearly established statutory and Constitutional rights which were or should have been known by the defendants.

44. Miss Cook, as a direct and proximate result of the Defendants' actions, suffered severe emotional and physical injuries including, but not limited to: bruises,

abrasions, and scratching to her arms, legs, torso, neck and pelvis; tearing in her pubic region, pain, suffering; anxiety; mental and emotional damage and distress; and impairment of her enjoyment of life.

**WHEREFORE,** Samantha Cook demands judgment against Defendants Olathe Police Department and Olathe Health Systems for $2,500,000, pre and post judgment interest as allowed by law, attorney's fees, and for her costs and for such other and further relief as the Court may deem just and proper.

## COUNT V - 42 USC 1983 CIVIL RIGHTS VIOLATIONS BY LEE KIBBEE & WESLEY SMITH

45.  Samantha Cook incorporates paragraphs 1-44 as if restated herein.

46. Lee Kibbee and Wesley Smith of the Olathe, Kansas Police Department, acted under color of Kansas law to deprive Samantha Cook of rights, privileges, or immunities secured by the United States Constitution and other applicable federal law.

47. Specifically, Miss Cook was deprived of her 4th Amendment Rights to be free from unreasonable searches and seizures and her 14th Amendment Due process rights when Olathe Police Officers used excessive force after she had been arrested and restrained by handcuffs and medical restraints. This excessive force included, but was not limited to the barbaric action of holding Miss Cook's legs open so a catheter could be forcibly inserted into her, holding Samantha Cook down so blood could be taken from her, hitting her, forcibly removing her clothes, and choking her.

48. Miss Cook was also subjected to an illegal strip search , in violation of federal statutes and the 14th Amendment when Olathe Police officers and Olathe Medical Center staff forcibly removed her clothing to facilitate a non-consensual urine sample.

10

49. Olathe Police officers and Olathe Medical Center Personnel deprived Miss Cook of her 9th and 14th Amendment privacy right when police were allowed to take part in Miss Cook's medical care and forcibly removed her clothing to facilitate a urine sample not authorized by Kansas law.

50. The actions of Olathe Police and OMC personnel are not entitled to qualified immunity as they violated clearly established statutory and Constitutional rights which were or should have been known by the defendants.

51. Miss Cook, as a direct and proximate result of the Defendants' actions, suffered severe emotional and physical injuries including, but not limited to: bruises, abrasions, and scratching to her arms, legs, torso, neck and pelvis; tearing in her pubic region, pain, suffering; anxiety; mental and emotional damage and distress; and impairment of her enjoyment of life.

**WHEREFORE,** Plaintiff demands judgment against Defendants Lee Kibbee and Wesley Smith for $2,500,000, pre and post judgment interest as allowed by law, attorney's fees, costs, and for fair and reasonable damages on Count V, and for her costs and for such other and further relief as the Court may deem just and proper.

## COUNT VI - 42 USC 1983 CIVIL RIGHTS
## VIOLATIONS BY OLATHE HEALTH SYSTEM, INC. PERSONNEL

52. Samantha Cook incorporates paragraphs 1-51 as if restated herein.

53. Olathe Medical Center is responsible for the actions of its employees through the doctrine of *respondent superior.*

54. Samantha Cook was deprived of her Constitutional rights by OMC employees working in concert with Olathe Police when they acted under color of Kansas law in

depriving Samantha Cook of rights, privileges, or immunities secured by the United States Constitution and applicable federal law.

55. Specifically, Samantha Cook was deprived of her 4th Amendment Rights to be free from unreasonable searches and seizures and her 14th Amendment Due Process rights. Olathe Medical Center personnel, working in conjunction with Olathe Police Officers, also violated federal statutes regarding medical care and patient's rights when they forcibly took non-consensual blood and urine samples from Samantha Cook.

56. The excessive force included, but was not limited to the barbaric action of holding Miss Cook's legs open so a catheter could be forcibly inserted into her, forcibly removing her clothes, and choking Samantha Cook.

57. Miss Cook was also subjected to an illegal strip search, in violation of federal law and the 4th Amendment when Olathe Police officers and Olathe Medical Center staff forcibly removed her clothing to facilitate a urine sample not authorized by Kansas law.

58. Olathe Police officers and Olathe Medical Center Personnel deprived Miss Cook of her 9th and 14th Amendment privacy right when police were allowed to take part in Miss Cook's medical care and forcibly removed her clothing to facilitate a urine sample not authorized by Kansas Law.

59. The actions of Olathe Police and OMC personnel are not entitled to qualified immunity as they violated clearly established statutory and Constitutional rights which were or should have been known by the defendants.

60. Miss Cook, as a direct and proximate result of the Defendants' actions, suffered severe emotional and physical injuries including, but not limited to: bruises,

abrasions, and scratching to her arms, legs, torso, neck and pelvis; tearing in her

pubic region, pain, suffering; anxiety; mental and emotional damage and distress;

and impairment of her enjoyment of life.

**WHEREFORE,** Plaintiff prays for Judgment against Defendant Olathe Health System,

Inc. in the amount of $2,500,000 for pre and post judgment interest to the extent allowed

by law, for attorney's fees, and for any other relief the Court deems just and proper.

**Respectfully Submitted by:**

BY: _____

**Jeremiah Johnson, #22726**
**The Law Offices of Jeremiah Johnson,**
**LLC**
**104 E. Poplar**
**Olathe, KS 66061**
**Telephone: (913)764-5010**
**Facsimile: (913)764-5012**
**Jeremiah@kcatty.com**
**ATTORNEY FOR PLAINTIFF**

<u>**DEMAND FOR JURY TRIAL**</u>

**COMES NOW,** Samantha Cook and demands a jury trial on all matters in the above

captioned case.

Respectfully Submitted,

**Jeremiah Johnson, #22726**
**The Law Offices of Jeremiah Johnson,**
**LLC**
**104 E. Poplar**
**Olathe, KS 66061**
**Telephone: (913)764-5010**
**Facsimile: (913)764-5012**
**Jeremiah@kcatty.com**
**ATTORNEY FOR PLAINTIFF**

## DESIGNATION OF PLACE OF TRIAL

**COMES NOW,** Samantha Cook and designates Kansas City as the Place of Trial in the above captioned case.

Respectfully Submitted,

**Jeremiah Johnson, #22726**
**The Law Offices of Jeremiah Johnson,**
**LLC**
**104 E. Poplar**
**Olathe, KS 66061**
**Telephone: (913)764-5010**
**Facsimile: (913)764-5012**
**Jeremiah@kcatty.com**
**ATTORNEY FOR PLAINTIFF**

14