IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMANTHA COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 10-CV-2133-KHV-DJW |
| v. | ) |
| | ) |
| CITY OF OLATHE POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR DISCLOSURE ORDER AND AUTHORIZING DISCLOSURE OF PLAINTIFF'S PROTECTED HEALTH INFORMATION AND EX PARTE INTERVIEWS**

Pending before the Court is Defendants' Joint Motion for Disclosure Order Permitting the Disclosure of Protected Health Information (doc. 60). Plaintiff does not oppose this Motion. The Court has reviewed the Motion and finds that the Motion should be granted in part and denied in part. The Court has revised Defendants' proposed disclosure order and hereby GRANTS IN PART AND DENIES IN PART Defendants' Motion (doc. 60) and ORDERS as follows.

**TO: Plaintiff Samantha Cook's Health Care Providers, Health Plans, or any Other Entity Subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")**

You are hereby authorized pursuant to the laws of Kansas and applicable federal law, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), to disclose and make available for examination and reproduction by the parties and their undersigned counsel denominated in this lawsuit the records related to the past, present or future medical condition of Samantha Cook DOB: XX/XX/84 subject to the conditions below.

Although this Order **authorizes and permits** all health care providers of Samantha Cook

to disclose Samantha Cook's medical records for examination and reproduction by the parties and their undersigned counsel, the Order **does not require** the health care providers to provide these medical records. **In addition, this Order does not provide for the production of any medical records maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, and which are covered by the provisions of 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2.**

You are further notified, pursuant to federal and state law, that all undersigned counsel of record are hereby authorized and permitted to meet with or speak to Samantha Cook's treating physicians or other health care providers, without counsel or the parties, including Samantha Cook, being present or participating, provided the health care provider consents to the interview. Further, counsel is not required to provide notice of such meeting to opposing counsel. Although this Order **authorizes and permits** all health care providers of Samantha Cook to grant informal *ex parte* interviews, the Order **does not require** the health care providers to participate in any ex parte communications with Defendants' counsel.

Said inspection and reproduction may be requested by any attorney of record herein as set forth below, and all clerical fees and expenses shall be paid by the attorney requesting such examination, reproduction or interview, in accordance with applicable state and federal law.

The parties and their counsel are prohibited from using or disclosing and from permitting or allowing the use or disclosure of the protected health information of Plaintiff Samantha Cook for any purpose other than this litigation. The parties agree and are hereby ordered to return to

the covered entity or to destroy the protected health information (including all copies made) at the end of this litigation.

This Order complies with HIPAA federal standards for privacy of individually identifiable health information, 45 C.F.R. Parts 160 and 164.

This Order shall be effective throughout the pendency of this action and shall expire at the conclusion of this litigation.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 11th day of August 2010.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge