IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMANTHA COOK,

    Plaintiff,

    v.                                                          Case No. 10-2133-KHV-DJW

OLATHE HEALTH SYSTEMS, INC., et. al.

    Defendants.

## SCHEDULING ORDER

On August 3, 2010, pursuant to Fed. R. Civ. P. 16(b), the court conducted a telephone scheduling conference with the parties.[1] Plaintiff appeared through counsel Jeremiah L. Johnson. Defendant Olathe Health appeared through its representative Lori Clayman and through counsel Todd Scharnhorst. Defendant Davenport appeared in person and through counsel Todd Scharnhorst. Defendant Wheeler was excused from attendance by the Court but appeared through counsel Todd Scharnhorst. Defendant Kibbee appeared in person and through counsel Michael K. Seck and defendants Smith and Olathe Police Department appeared through their representative Scott Wallace and through counsel Michael K. Seck. Defendant Karlin appeared in person and through counsel Trevin E. Wray..

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Confidential settlement reports to magistrate judge, with identification of agreed-upon mediator or other ADR neutral | 8/9/10 |
| Mediation or other ADR process completed | 12/31/10 |
| Initial disclosures exchanged | 10 days after entry of protective order |
| All discovery completed | 3/1/11 |
| Experts disclosed by plaintiff | 11/1/10 |
| Experts disclosed by defendants | 2/1/11 |
| Rebuttal experts disclosed | N/A |
| Independent medical examinations | 2/1/11 |
| Supplementation of disclosures | 40 days before the deadline for completion of discovery |
| Motions to join additional parties or otherwise amend the pleadings | 8/15/10 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | 9/15/10 |
| All other potentially dispositive motions (e.g., summary judgment) | 4/8/11 |
| Motions challenging admissibility of expert testimony | 4/8/11 |
| Comparative fault identification | 12/1/10 |
| Pretrial conference | 3/21/11 @ 10:00 a.m. |
| Proposed pretrial order deadline | 3/14/11 |
| Trial | 8/1/11 @ 9:30 a.m. |

**1.     Alternative Dispute Resolution (ADR)**

By August 9, 2010, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report. These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method,

together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office. The court may thereafter order participation in an ADR process.

    a.    Settlement may be enhanced by use of mediation. Counsel shall provide the name of an agreed-upon mediator to the court, and the scheduled date of the mediation, as part of the above-described confidential settlement reports; if the parties are unable to jointly agree upon a mediator, each shall suggest a mediator and then the court will select a mediator. Absent further order of the court, the ADR process shall be held no later than December 31, 2010, before the mediator chosen by the parties or selected by the court. An ADR report, on the form located on the court's Internet website, must be filed by defense counsel within five days of the scheduled ADR process

*http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf).*

**2.     Discovery.**

    a.    The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1). In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by 10 days after the entry of a protective order. The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails

to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.  *See* Fed. R. Civ. P. 37(c)(1).

  b. All discovery shall be commenced or served in time to be completed by March 1, 2011.

  c. The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

  d. The court considered the following discovery problem raised by one or more of the parties:  Issues regarding the deposition of plaintiff will have to be resolved by motion.

  e. Consistent with the parties' agreements as set forth in the planning conference report submitted pursuant to Fed. R. Civ. P. 26(f), electronically stored information (ESI) in this case will be handled as follows:   Issues regarding ESI will have to be resolved by motion.

  f. Consistent with the parties' agreements as set forth in their Rule 26(f) report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:   The parties will submit a proposed order.

  g. No party shall serve more than 45 interrogatories, including all discrete subparts, to any other party.

  h. There shall be no more than 20 depositions by plaintiff and 20 by defendants.

  i. Each deposition shall be limited to 7 hours.  All depositions shall be governed by the written guidelines that are available on the court's Internet website,

    *(http://www.ksd.uscourts.gov/guidelines/depoguidelines.pdf).*

  j. Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by November 1, 2010, and by defendants by February 1, 2011. The parties have stipulated that rebuttal experts will not be permitted in this case.  The parties shall

serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications).  These objections need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections.  As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived.  *See* D. Kan. Rule 37.1(b).

      k.      The parties shall complete all Fed. R. Civ. P. 35 physical or mental examinations by February 1, 2011.  If the parties disagree about the need for or the scope of such an examination, a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline.

      l.      Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served  at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served in any event 40 days before the deadline for completion of all discovery.  The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial.  The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to

put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

      m.    At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), (ii) & (iii). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

      n.    To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(b).

**3.     Motions.**

      a.    Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by August 15, 2010.

      b.    Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed by September 15, 2010.

  c. All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by April 8, 2011.

  d. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than April 8, 2011.

  e. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).

**4.** **Other Matters.**

  a. By December 1, 2010, any party asserting comparative fault shall identify all persons or entities whose fault is to be compared

  b. Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is scheduled for March 21, 2011 at 10:00 a.m. by telephone unless the judge determines that the proposed Pretrial Order is not in the appropriate format or that there are other problems requiring counsel to appear in person. If that determination is made the final pretrial conference will be held in Room 219, Robert J. Dole U. S. Courthouse, 500 State Avenue, Kansas City, Kansas. Unless otherwise notified, the undersigned magistrate judge will conduct the conference. No later than March 14, 2011, defendants shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_waxse_chambers@ksd.uscourts.gov*. The proposed pretrial order shall not be filed with the Clerk's Office. It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative*

*Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*. **If the Pretrial Conference is to proceed by telephone**, please provide contact information electronically to *ksd_waxse_chambers@ksd.uscourts.gov* at least 48 hours prior to the setting.

      c.      The parties expect the trial of this case to take approximately 5 days.  This case is set for trial on the court's docket beginning on August 1, 2011 at 9:30 a.m.  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

      d.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time, or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.

      e.      The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated this 11th day of August 2010, at Kansas City, Kansas.

                                                s/ David J. Waxse
                                                David J. Waxse
                                                U.S. Magistrate Judge

cc:      All counsel and *pro se* parties