**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SAMANTHA COOK,                             )<br>                                                           )<br>            **Plaintiff,**                              )<br>                                                           )<br>v.                                                        )<br>                                                           )<br>OLATHE HEALTH SYSTEM, INC., et al.  )<br>                                                           )<br>            **Defendants.**                          )<br>_____)  | CIVIL ACTION<br><br>No. 10-2133-KHV |

### **MEMORANDUM AND ORDER**

Samantha Cook brings suit against the Olathe Health System, Inc., the City of Olathe Police Department (the "OPD"), Melissa Davenport, Kellie Moulin, Lee R. Kibbee, Wesley H. Smith, Kim Wheeler and Dr. Ronald Karlin. Plaintiff alleges battery, intentional or negligent infliction of emotional distress, negligence and violation of her civil rights under 42 U.S.C. § 1983. This matter is before the Court on Defendant The City Of Olathe Police Department's Motion For Judgment On The Pleadings (Doc. #42) filed July 21, 2010. For reasons stated below, the Court sustains defendant's motion.

### **Legal Standards**

A motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., is governed by the same standards as a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. See Atl. Richfield Co. v. Farm Credit Bank, 226 F.3d 1138, 1160 (10th Cir. 2000); Mock v. T.G. & Y., 971 F.2d 522, 528 (10th Cir. 1992). Under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiffs. See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 555 (2007); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved).  A complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face.  Id.; Twombly, 550 U.S. at 555.  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## Factual Background

Plaintiff's complaint alleges as follows:

On April 17, 2008, officers of the OPD deprived Cook of her constitutional rights due, at least in part, to inadequate training and supervision methods, custom, policy or practice.  Olathe police officers, possibly in concert with Olathe Medical Center employees and Dr. Ronald Karlin, acted under color of Kansas law in depriving Cook of rights, privileges or immunities secured by the United States Constitution and applicable federal law.  Specifically, defendants deprived Cook of her Fourth Amendment rights to be free from unreasonable searches and seizures and her Fourteenth Amendment due process rights when they used excessive force after she had been arrested and restrained by handcuffs and medical restraints.  The excessive force included holding Cook's legs so a catheter could be forcibly inserted into her, forcibly removing her clothes, forcibly taking her blood and urine and choking her.

## Analysis

OPD correctly notes that plaintiff may not sue it because the police department is a subordinate governmental agency.  See Wishom v. Hill, No. 01-3035-KHV, 2004 WL 303571, at *5 (D. Kan. Feb 13, 2004); Fuguate v. Unified Gov't of Wyandotte County/Kan. City, Kan., 161 F. Supp.2d 1261, 1266

(D. Kan. 2001) (absent specific statue, subordinate governmental agencies lack capacity to sue or be sued); Wright v. Wyandotte County Sheriff's Dep't, 963 F.Supp. 1029, 1034 (D. Kan. 1997) (county sheriff's department is agency of county and not capable of being sued); Murphy v. City of Topeka, 6 Kan. App.2d 488, 491, 630 P.2d 186, 190 (1981) (absent express statutory or ordinance authority, agency does not have capacity to sue or be sued).  The OPD lacks the capacity to sue or be sued.  The Court therefore sustains defendant's motion for judgment on the pleadings as to plaintiff's claims against the OPD.

**IT IS THEREFORE ORDERED** that Defendant The City Of Olathe Police Department's Motion For Judgment On The Pleadings (Doc. #42) filed July 21, 2010 be and hereby is **SUSTAINED**.

Dated this 18th day of August, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
