IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMANTHA COOK, )
)
        Plaintiff, )
) Case No. 10-CV-2133-KHV-DJW
v. )
)
OLATHE HEALTH )
SYSTEM, INC., et al., )
)
        Defendants. )

## MEMORANDUM AND ORDER

Pending before the Court are the parties' cross motions for protective order: Amended Motion for Protective Order of Defendants City of Olathe Police Department,[1] Kibbee and Smith (doc. 27), and Samantha Cook's Motion for Protective Order (doc. 32). It appears that the parties agree that a protective order under Fed. R. Civ. P. 26(c) is necessary, but they disagree as to the content of the protective order. The parties attached to their respective motions the version of the protective order that they want the Court to enter.

However, none of the parties provided the Court with an explanation of the differences between their proposed protective orders, an explanation as to why they could not agree on the content of a protective order, or any argument as to why their version of a protective order should be adopted by the Court. Rather, the parties filed their respective motions simply stating that a protective order was necessary, that they did not agree on the content of a protective order, and that the court should enter their version of a protective order.

Fed. R. Civ. P. 7 makes it clear that a motion must "state with particularity the grounds

---

[1] On August 18, 2010, District Judge Vratil granted Defendant The City of Olathe Police Department's Motion for Judgment on the Pleadings (see doc. 71).

for seeking the order," and D. Kan. Rule 7.6 further explains that a moving party must provide the court with the argument in support of its position.[2] The parties have failed to meet this requirement, and instead have simply handed the Court their proposed protective orders and asked that the Court "pick one." It is not the role or responsibility of the Court to sift through the parties' respective proposed protective orders and determine where their differences exist and then create the argument as to why a particular version should prevail over another. The Court will therefore deny both motions without prejudice to refiling. Upon refiling their motions, the parties shall: (1) describe with particularity their efforts to confer with one another pursuant to Fed. R. Civ. P. 26(c) in an attempt to draft an agreed upon protective order, (2) specifically state the portions of the protective order that are disputed, and (3) provide arguments and supporting authorities as to why their version of the protective order should be adopted by the Court.

**IT IS THEREFORE ORDERED** that Amended Motion for Protective Order of Defendants City of Olathe Police Department, Kibbee and Smith (doc. 27) is denied without prejudice to refiling **within 20 days** of the date of the filing of this Order.

**IT IS FURTHER ORDERED** that Samantha Cook's Motion for Protective Order (doc. 32) is denied without prejudice to refiling **within 20 days** of the date of the filing of this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 8th day of September 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

---

[2] Fed. R. Civ. P. 7(b)(1); D. Kan. Rule 7.6(a).