IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMANTHA COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 10-CV-2133-KHV-DJW |
| v. | ) |
| | ) |
| OLATHE HEALTH | ) |
| SYSTEM, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 57). On November 24, 2010, the Court held a hearing on several motions pending in this case, including Plaintiff's Motion for Leave to File an Amended Complaint. After hearing counsels' respective arguments, the Court took the Motion under advisement. Having considered the relevant pleadings, arguments, and case law, the Court is now prepared to rule on the Motion. For the reasons set forth below, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

The events giving rise to this lawsuit occurred on April 17, 2008. Plaintiff filed her original Complaint in this Court on March 8, 2010. Plaintiff then filed her Motion seeking leave to amend her Complaint on August 2, 2010. Plaintiff seeks to amend her Complaint to substitute parties for the City of Olathe Police Department and Olathe Health System, Inc. Specifically, Plaintiff seeks to substitute "The City of Olathe" for "The City of Olathe Police Department," and "Olathe Medical Center" for "Olathe Health System." Plaintiff also seeks leave to amend

her original Complaint to correct a number of errors in her original Complaint, to clarify her allegations against the defendants, and to add a new defendant - Donna Hanigan.

Defendants Kibbee and Smith did not file an opposition to Plaintiff's Motion. During the hearing on November 24, 2010, counsel for Defendants Kibbee and Smith argued that the Motion seeking to "substitute" the City of Olathe for the City of Olathe Police Department was moot because District Judge Vratil had already dismissed the City of Olathe Police Department as a defendant in this case. However, counsel for Defendants Kibbee and Smith noted that in fairness he could not object to the City of Olathe being added as a defendant in this case. The Court will therefore grant Plaintiff's request to amend her original Complaint to add the City of Olathe as a defendant.

Defendants Olathe Health System, Inc., Melissa Davenport (Smith), R.N., and Kimberly Wheeler, R.N. (collectively referred to herein as the "OHS Defendants") were the only defendants to file an opposition to the Motion. The OHS Defendants only oppose Plaintiff's Motion to the extent that Plaintiff seeks to add Donna Hanigan as a new defendant.

## II. STANDARD

Fed. R. Civ. P. 15(a)(2) provides that, after the permissive period, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[1] Fed. R. Civ. P. 15(a)(2) further provides, "The court should freely give leave when justice so requires."[2] The Supreme Court has held that "this mandate is to be heeded."[3] Leave to amend may be denied

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Id.*

[3] *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citation omitted).

when the court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[4] The decision whether or not to allow a proposed amendment rests within the sound discretion of the court.[5]

The OHS Defendants argue that Plaintiff's Motion, to the extent it seeks to add Donna Hanigan as a defendant, should be denied because Plaintiff's claims against Donna Hanigan are barred by the applicable statute of limitations and thus the amendment would futile. The OHS Defendants, in asserting futility of amendment, have the burden of establishing futility of amendment.[6] "In determining whether amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."[7] To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[8] "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not

---

[4] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

[5] *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (citations omitted).

[6] *Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, Civ. A. No. 07-2463-JAR, 2008 WL 1867984, at*5 (D. Kan. Apr. 24, 2008) (citation omitted).

[7] *Id.* (citing *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

just speculatively) has a claim for relief."⁹ Furthermore, "[w]hen the face of the complaint shows that plaintiff filed the action beyond the applicable statute of limitations, plaintiff must allege facts sufficient to show that the limitations period should be tolled."¹⁰

### III. DISCUSSION

Plaintiff's proposed Second Amended Complaint contains four claims against Donna Hanigan: (1) battery; (2) intentional or negligent infliction of emotional distress; (3) negligence; and (4) civil rights violations under 42 U.S.C. § 1983. The applicable statute of limitations for battery claims in Kansas is one year.¹¹ Plaintiff's proposed Second Amended Complaint alleges that the battery took place on April 17, 2008. The Court therefore agrees with the OHS Defendants that any battery claim against Donna Hanigan expired in April 2009. Plaintiff did not seek leave to file her Second Amended Complaint until August 2, 2010. Further, Plaintiff filed no reply brief in support of her Motion and has not provided the Court with any facts sufficient to show that the limitations period should be tolled.

The applicable statute of limitations for Plaintiff's claims of intentional or negligence infliction of emotional distress, negligence, and civil rights violations under 42 U.S.C. § 1983 is the two-year statute of limitation set forth in K.S.A. § 60-513(a)(4).¹² Again, Plaintiff's

---

⁹ *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

¹⁰ *Kelly v. Boyles*, No. 08-2425-CM, 2009 WL 3711578, at * 2 (D. Kan. Nov. 3, 2009) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir.1980)).

¹¹ K.S.A. § 60-514(b) ("The following actions shall be brought within one year . . . [a]n action for . . . battery . . ..").

¹² *Hamilton v. City of Overland Park, Kan.*, 730 F.2d 613, 614 (10th Cir. 1984) ("Because Congress has not enacted a statute of limitations expressly applicable to section 1983 claims, the court must adopt the most analogous limitations period provided by state law. . . . In *Garcia v. Wilson*, 731 F.2d 640, (10th Cir.1984) (en banc), . . . [w]e concluded as a matter of

4

proposed Second Amended Complaint alleges that these claims arise from events that took place on April 17, 2008. The Court therefore agrees with the OHS Defendants that the statute of limitations on these claims against Donna Hanigan expired in April 2010. Plaintiff did not seek leave to file her Second Amended Complaint until August 2, 2010. Further, Plaintiff filed no reply brief in support of her Motion and has not provided the Court with any facts sufficient to show that the limitations period should be tolled.

Thus, the Court concludes that the face of Plaintiff's proposed Second Amended Complaint shows that Plaintiff is seeking to assert these claims against Donna Hanigan beyond the applicable statute of limitations, and Plaintiff has not alleged or argued any facts sufficient to show that the limitations period should be tolled. The Court will therefore deny as futile Plaintiff's Motion to the extent it seeks leave to add Donna Hanigan as a defendant.

## IV. CONCLUSION

The remainder of Plaintiff's Motion is uncontested. The Court will therefore grant Plaintiff's Motion in part, and deny Plaintiff's Motion to the extent it seeks to add Donna Hanigan as a new defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 57) is granted in part and denied in part. Plaintiff shall revise her proposed Second Amended Complaint for Damages to exclude Donna Hanigan as a defendant. Plaintiff shall then file her revised Second Amended Complaint for Damages **within 10 days** of the date

---

federal law that all section 1983 claims should be characterized as actions for injury to the rights of another. [] Under Kan. Stat. Ann. § 60-513(a)(4) (1976), "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated" must be brought within two years.").

5

of this Order.

       **IT IS SO ORDERED**.

       Dated in Kansas City, Kansas on this 30th day of December 2010.

                                                   s/David J. Waxse
                                                   David J. Waxse
                                                   U.S. Magistrate Judge

cc: All counsel and *pro se* parties.