**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **SAMANTHA COOK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**OLATHE MEDICAL CENTER, INC.,** ***et al.*****,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.: 2:10-CV-02133-KHV-DJW** |

**ANSWER OF DEFENDANTS OLATHE MEDICAL CENTER, INC., MELISSA DAVENPORT SMITH, R.N. AND KIMBERLY WHEELER, R.N. TO PLAINTIFF'S SECONDED AMENDED COMPLAINT FOR DAMAGES AND COUNTERCLAIM OF OLATHE MEDICAL CENTER, INC.**

COME NOW defendants Olathe Medical Center, Inc., Melissa Davenport Smith, R.N., and Kimberly Wheeler, R.N. (hereinafter collectively referred to as the "OMC Defendants"), by and through their counsel of record, and in response to plaintiff's Second Amended Complaint for Damages, allege and state as follows:

1. The OMC defendants are without knowledge and information sufficient to form a belief as to the truth of the allegation concerning plaintiff's prior residence in Missouri, and therefore deny the same. The OMC defendants admit plaintiff is currently in the custody of the State of Florida, Department of Corrections, following a felony conviction. She is expected to remain in Florida custody for another 25 years. The balance of paragraph 1 is denied.

2. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore deny the same.

3. The OMC Defendants admit the allegations contained in paragraph 3.

4. The OMC Defendants admit the allegations contained in paragraph 4.

5. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore deny the same.

6. The OMC Defendants admit Kimberly Wheeler, R.N. is a Kansas resident, and that she was employed by Olathe Medical Center, Inc. at certain times. The balance of paragraph 6 is denied.

7. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 as to Defendant Lee Kibbee's residence and therefore deny the same, and otherwise deny the remaining allegations and conclusions of law contained in paragraph 7.

8. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 as to Defendant Wesley Smith's residence and therefore deny the same, and otherwise deny the remaining allegations and conclusions of law contained in paragraph 8.

9. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore deny the same.

10. The allegations in paragraph 10 are denied.

11. The OMC Defendants admit the allegations contained in paragraph 11.

12. The allegations in paragraph 12 are denied.

**THE OCCURRENCE**

13. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the specific allegations in paragraph 13, and therefore deny the same.

14. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore deny the same.

15. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore deny the same.

16. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore deny the same.

17. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore deny the same.

18. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore deny the same.

19. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore deny the same.

20. The OMC Defendants admit plaintiff Samantha Cook was placed under arrest and, therefore, was in the custody of the Olathe Police Department. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore deny the same.

21. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore deny the same.

22. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore deny the same.

23. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore deny the same.

24. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore deny the same.

25. The OMC Defendants admit an ambulance was summoned at plaintiff's specific request, and given plaintiff's condition. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25, and therefore deny the same.

26. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore deny the same.

27. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore deny the same.

28. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore deny the same.

29. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore deny the same.

30. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore deny the same.

31. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore deny the same.

32. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore deny the same.

33. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore deny the same.

34. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore deny the same.

35. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore deny the same.

36. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore deny the same.

37. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore deny the same.

38. The allegations in paragraph 38 are denied.

39. The allegations in paragraph 39 are denied.

40. The allegations in paragraph 40 are denied.

41. The allegations in paragraph 41 are denied.

42. The OMC Defendants admit their records reflect a comment from Samantha Cook regarding a police officer doing "things to her sexually" at the age of 12. The balance of paragraph 42 is denied.

43. The allegations in paragraph 43 are denied.

44. The allegations in paragraph 44 are denied.

45. The allegations in paragraph 45 contain legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 45 are denied.

46. The allegations in paragraph 46 are denied.

47. The allegations in paragraph 47 are denied.

48. The allegations in paragraph 48 are denied.

49. The allegations in paragraph 49 are denied.

50. The allegations in paragraph 50 are denied.

51. The allegations in paragraph 51 are denied.

52. The allegations in paragraph 52 are denied.

53. The allegations in paragraph 53 are denied.

54. The allegations in paragraph 54 are denied.

55. The allegations in paragraph 55 are denied.

56. The allegations in paragraph 56 are denied.

57. The allegations in paragraph 57 are denied.

58. The OMC Defendants admit plaintiff was discharged from Olathe Medical Center, but otherwise lack knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 58, and therefore deny the same.

59. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore deny the same.

60. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore deny the same.

61. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore deny the same.

62. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore deny the same.

63. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore deny the same.

64. The OMC Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore deny the same.

65. The allegations in paragraph 65 are denied, and the OMC Defendants specifically deny the existence, nature, extent and duration of Plaintiff's alleged injuries and damages.

66. The allegations in paragraph 66 are denied, and the OMC Defendants specifically deny the existence, nature, extent, and duration of Plaintiff's alleged injuries and damages.

**COUNT I – UNLAWFUL SEARCH AND SEIZURE BY LEE KIBBEE ACTIONABLE UNDER 42 U.S.C. § 1983**

67. The OMC Defendants fully incorporate their responses to paragraphs 1-66 as though fully set forth herein.

68. The allegations in paragraph 68 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

69. The allegations in paragraph 69 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

70. The allegations in paragraph 70 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

71. The allegations in paragraph 71 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

72. The allegations in paragraph 72 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

**COUNT II - BATTERY BY LEE KIBBEE, WESLEY SMITH, MELISSA DAVENPORT, AND KIM WHEELER**

73. The OMC Defendants fully incorporate their responses to paragraphs 1-72 as though fully set forth herein.

74. The allegations in paragraph 74 are denied.

75. The allegations in paragraph 75 are denied.

76. The allegations in paragraph 76 are denied.

77. The allegations in paragraph 77 are denied.

78. The allegations in paragraph 78 are denied, and the OMC Defendants specifically deny the existence, nature, extent, and duration of Plaintiff's alleged injuries and damages.

**COUNT III – INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY OLATHE MEDICAL CENTER, MELISSA DAVENPORT, AND KIM WHEELER**

79. The OMC Defendants fully incorporate their responses to paragraphs 1-78 as though fully set forth herein.

80. The allegations in paragraph 80 are denied.

81. The allegations in paragraph 81 are denied.

82. The allegations in paragraph 82 are denied.

83. The allegations in paragraph 83 are denied.

84. The allegations in paragraph 84 contain legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 84 are denied.

85. The allegations in paragraph 85 are denied, and the OMC Defendants specifically deny the existence, nature, extent, and duration of Plaintiff's alleged injuries and damages.

**COUNT IV – NEGLIGENCE BY OLATHE MEDICAL CENTER, KIM WHEELER, MELISSA DAVENPORT, AND DR. RONALD KARLIN**

86. The OMC Defendants fully incorporate their responses to paragraphs 1-85 as though fully set forth herein.

87. The allegations in paragraph 87, including all subparts, are denied. The OMC Defendants specifically deny that any alleged duty was breached, and further deny all allegations of negligence or fault. The care provided by the OMC defendants was reasonable, proper, and well within the accepted standard of care.

88. The allegations in paragraph 88 are denied.

89. The allegations in paragraph 89 are denied, and the OMC Defendants specifically deny the existence, nature, extent, and duration of Plaintiff's alleged injuries and damages.

**COUNT V – 42 USC § 1983 CIVIL RIGHTS VIOLATIONS BY THE CITY OF OLATHE AND OLATHE MEDICAL CENTER**

90. The OMC Defendants fully incorporate their responses to paragraphs 1-89 as though fully set forth herein.

91. The allegations in paragraph 91 contain legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 91 are denied.

92. The allegations in paragraph 92 contain legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 92 are denied.

93. The allegations in paragraph 93 are denied.

94. The allegations in paragraph 94 are denied.

95. The allegations in paragraph 95 are denied.

96. The allegations in paragraph 96 are denied.

97. The allegations in paragraph 97 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

98. The allegations in paragraph 98 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

99. The allegations in paragraph 99 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

100. The allegations in paragraph 100 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

101. The allegations in paragraph 101 and its subparts are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

102. The allegations in paragraph 102 and its subparts are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

103. The allegations in paragraph 103 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

104. The allegations in paragraph 104 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

105. The allegations in paragraph 105 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

106. The allegations in paragraph 106 are denied.

107. The allegations in paragraph 107 are denied.

108. The allegations in paragraph 108 are denied, and the OMC Defendants specifically deny the existence, nature, extent, and duration of Plaintiff's alleged injuries and damages.

**COUNT VI – 42 USC § 1983 CIVIL RIGHTS VIOLATIONS BY LEE KIBBEE AND WESLEY SMITH REGARDING EXCESSIVE FORCE, AN ILLEGAL STRIP SEARCH, AND AN ILLEGAL CAVITY SEARCH**

109. The OMC Defendants fully incorporate their responses to paragraphs 1-108 as though fully set forth herein.

110. The allegations in paragraph 110 contain legal conclusions to which no response is required, and are directed against other defendants; however, to the extent a response is required, the allegations in paragraph 110 are denied.

111. The allegations in paragraph 111 contain legal conclusions to which no response is required, and are directed against other defendants; however, to the extent a response is required, the allegations in paragraph 111 are denied.

112. The allegations in paragraph 112 contain legal conclusions to which no response is required, and are directed against other defendants; however, to the extent a response is required, the allegations in paragraph 112 are denied.

113. The allegations in paragraph 113 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

114. The allegations in paragraph 114 contain legal conclusions to which no response is required; however, to the extent a response is required, the allegations in paragraph 114 are denied.

115. The allegations in paragraph 115 contain legal conclusions to which no response is required, and are directed against other defendants; however, to the extent a response is required, the allegations in paragraph 115 are denied.

116. The allegations in paragraph 116 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations, specifically including any inference the OMC Defendants exerted excessive force or violated Plaintiff's rights, are denied.

117. The allegations in paragraph 117 are denied.

118. The allegations in paragraph 118 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations, specifically including any inference the OMC Defendants engaged in any illegal actions, are denied.

119. The allegations in paragraph 119 are not directed at the OMC Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

120. The allegations in paragraph 120 are denied, and the OMC Defendants specifically deny the existence, nature, extent, and duration of Plaintiff's alleged injuries and damages.

## COUNT VII – 42 USC 1983 CIVIL RIGHTS VIOLATIONS BY DEFENDANTS WHEELER AND DAVENPORT

121. The OMC Defendants fully incorporate their responses to paragraphs 1-120 as though fully set forth herein.

122. The allegations in paragraph 122 are denied.

123. The allegations in paragraph 123 are denied.

124. The allegations in paragraph 124 are denied.

125. The allegations in paragraph 125 are denied.

126. The allegations in paragraph 126 are denied.

127. The allegations in paragraph 127 are denied.

128. The allegations in paragraph 128 are denied, and the OMC Defendants specifically deny the existence, nature, extent, and duration of Plaintiff's alleged injuries and damages.

**COUNT VIII – PRIVACY AND PATIENTS' RIGHTS VIOLATIONS BY ALL DEFENDANTS**

129. The OMC Defendants fully incorporate their responses to paragraphs 1-128 as though fully set forth herein.

130. The allegations in paragraph 130 are denied.

131. The allegations in paragraph 131 are denied.

132. The allegations in paragraph 132 are denied.

133. The allegations in paragraph 133 are denied.

134. The allegations in paragraph 134 are denied, and the OMC Defendants specifically deny the existence, nature, extent, and duration of Plaintiff's alleged injuries and damages. Further, plaintiff fails to specify the statutory or legal basis for any claim set forth in Count VIII of her Second Amended Complaint for Damages.

**AFFIRMATIVE DEFENSES**

1. The OMC Defendants incorporate by reference their Designation of Comparative Fault (Doc. 146), filed on November 29, 2010. Specifically, the fault of plaintiff Samantha Cook shall be compared at trial.

2. The OMC Defendants assert that all medical care provided and offered to plaintiff was reasonable, proper, justified, and in compliance with the applicable standard of care. Further, plaintiff consented to the provision of health care when requesting emergency medical assistance.

3. Plaintiff's Second Amended Complaint for Damages fails to state a claim upon which relief can be granted against the OMC Defendants.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation. This includes a bar of all claims against Olathe Medical Center, Inc., Kimberly Wheeler, R.N., and Melissa Davenport Smith, R.N.

5. If Plaintiff was injured or damaged, which is specifically denied, then the negligence or fault of others, including Plaintiff, for whom the OMC Defendants are not responsible, caused or contributed to cause such injury or damage, and Plaintiff's recovery, if any, shall be barred or reduced pursuant to the provisions of K.S.A. § 60-258a and the doctrine of comparative fault. To the extent Plaintiff has affirmatively alleged another individual or entity is at fault for any injury and damage, the fault of that individual or entity must be compared.

6. Plaintiff consented to any and all medical care, treatment, and diagnostic studies provided or performed during her visit to the Olathe Medical Center, Inc. emergency department.

7. The OMC Defendants deny any and all allegations of negligence or fault which are contained within Plaintiff's Second Amended Complaint for Damages and which are directed at these defendants.

8. The OMC Defendants deny the existence, nature, extent, and duration of Plaintiff's alleged injuries and damages.

9. Plaintiff's claims are barred because the OMC Defendants did not act under "color of law" and Plaintiff's constitutional rights were not violated.

10. The OMC Defendants reserve the right to plead additional affirmative defenses as they become available during pendency of this case.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint for Damages, the OMC Defendants pray that judgment be entered against plaintiff, and in favor of these defendants, for attorneys' fees and costs, and for such other relief the Court deems just and appropriate.

**COUNTERCLAIM BY OLATHE MEDICAL CENTER, INC.**

For its counterclaim against plaintiff Samantha Cook, defendant Olathe Medical Center, Inc. ("OMC") alleges and states as follows:

**THE PARTIES; JURISDICTION; VENUE**

1. Following a felony conviction, Samantha Cook is an individual currently in the custody of the State of Florida and residing in the Lowell Correctional Institution/Lowell Annex, Marion County, Florida, with an expected release date of July 3, 2034.

2. Olathe Medical Center, Inc. is a Kansas corporation in good standing, with its registered agent and principal place of business in Olathe, Johnson County, Kansas.

3. Jurisdiction and venue are proper as to this compulsory counterclaim because Cook has submitted to the jurisdiction and venue of this Court by filing the instant action and because the implied contract at issue was entered into between the parties in Johnson County, Kansas.

**COUNT I – BREACH OF IMPLIED CONTRACT**

4. OMC incorporates by reference and reasserts each of the allegations set forth in paragraphs 1 through 3, above, as if fully set forth herein.

5. A valid implied contract exists between Samantha Cook and OMC because Samantha Cook requested emergency medical services in the early morning hours of April 17,

2008 and was duly transferred to Olathe Medical Center by ambulance for medical care and treatment, evidencing a mutual intent to contract for emergency medical services for Cook.

6. Based on Cook's request for emergency medical treatment, and in consideration and reliance on that request, OMC provided emergency medical services to Cook. Emergency medical services were needed to evaluate an emergency medical condition.

7. After medical services were delivered to Cook, OMC invoiced Cook for the reasonable and customary charges for those services, in the amount of $2,311.30.

8. Cook breached the aforesaid implied agreement because she has failed to pay for the emergency services rendered upon her request.

9. As a result of Cook's breach, OMC sustained damages and is entitled to damages for breach of contract in the amount of $2,311.30 plus prejudgment interest.

WHEREFORE, defendant Olathe Medical Center, Inc. prays for the entry of judgment in its favor and against Samantha Cook on its counterclaim, for an order awarding OMC damages in the amount of $2,311.30, for an award of prejudgment interest, for an award of attorneys' fees and costs incurred by OMC in this action, and for such other relief as the Court deems just and proper.

Dated: January 19, 2011.

Respectfully submitted,

/s/ Todd A. Scharnhorst

Todd A. Scharnhorst KS #16863
Shannon D. Cohorst KS #23496
SCHARNHORST AST & KENNARD, P.C.
1000 Walnut, Suite 1550
Kansas City, Missouri 64106-2143
Telephone: (816) 268-9400
Facsimile: (816) 268-9409
E-mail: tas@sakfirm.com
sdc@sakfirm.com

*Counsel for Defendants Olathe Medical Center, Inc., Melissa Davenport Smith, R.N., and Kimberly Wheeler, R.N.*

## JURY DEMAND

COME NOW defendants Olathe Medical Center, Inc., Melissa Davenport Smith, R.N., and Kimberly Wheeler, R.N., by and through their counsel, and hereby demand trial by jury on all issues so triable, including those claims raised in plaintiff's Second Amended Complaint for Damages, as well as defendants' Counterclaim as outlined above.

Respectfully submitted,

/s/ Todd A. Scharnhorst

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of January, 2011, a true and accurate copy of the foregoing was served on the following counsel of record via the Court's electronic filing system (ECF):

Jeremiah Johnson
THE LAW OFFICES OF JEREMIAH JOHNSON, LLC
104 E. Poplar
Olathe, KS 66061
jeremiah@kcatty.com
*Counsel for Plaintiff*

Michael K. Seck
FISHER, PATTERSON, SAYLER & SMITH, LLP
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS 66210
mseck@fisherpatterson.com
*Counsel for Defendants City of Olathe,*
*Lee Kibbee, and Wesley Smith*

Trevin Wray
HOLBROOK & OSBORN, P.A.
7400 West 110th Street, Suite 600
Overland Park, Kansas 66210
twray@holbrookosborn.com
*Counsel for Defendant Ronald Karlin, M.D.*

/s/ Todd A. Scharnhorst
*Attorney*