**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SAMANTHA COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 10-CV-2133-KHV-DJW |
| v. | ) |
| | ) |
| OLATHE HEALTH | ) |
| SYSTEM, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on two of Plaintiff's motions seeking sanctions for alleged spoliation of evidence by Defendants Kibbee, Smith, and the City of Olathe, Kansas (collectively, "Defendants")[1]: (1) Plaintiff's Memorandum in Support of Her Motion for Spoliation Sanctions Due to the Deliberate Destruction of Four Computer Hard Drives by Defendants Kibbee, Smith, and the City of Olathe (ECF No. 116), and (2) Plaintiff's Motion for Spoliation Sanctions Due to the Failure to Preserve and Produce Defendant Smith's In-Car Video (ECF No. 132). As the titles of the spoliation motions suggest, Plaintiff is concerned with two types of evidence: (1) four computer hard drives and (2) Defendant Smith's in-car video. For the reasons set forth below, these spoliation motions are denied.

---

[1] At the time these spoliation motions were filed, the City of Olathe, Kansas (the "City") was not yet a defendant in this action, but rather was named as a defendant in Plaintiff's proposed Second Amended Complaint. Plaintiff included the City in her motions with judicial efficiency in mind. After the spoliation motions were fully briefed, Plaintiff was permitted to file her Second Amended Complaint (ECF No. 160) on January 7, 2011, thereby making the City a defendant in this action. Because the City was not a defendant at the time the motions were filed and briefed, the City did not file any responses to the motions. The Court need not concern itself with this issue because it finds that the motions should be denied because, for the reasons discussed herein, Plaintiff failed to make a showing of spoliation of evidence.

**I.   BACKGROUND**

This action arises out of events that took place on April 17, 2008.  Plaintiff alleges that on April 17, 2008 she was stopped by Olathe Police Department Officer Lee Kibbee for speeding. According to Plaintiff, Officer Kibbee then began to investigate her for an alleged violation of K.S.A. 8-1567, which prohibits, *inter alia*, a person from operating a vehicle in Kansas while the alcohol concentration in the person's blood or breath is .08 or more. Officer Wesley Smith arrived on scene in a separate patrol car.

Plaintiff was eventually arrested, handcuffed and placed in the rear seat of Officer Kibbee's patrol car.  After being placed in the patrol car, Plaintiff began to hyperventilate, and Officers Kibbee and Smith requested an ambulance.  Plaintiff was then taken to the Olathe Medical Center by ambulance.  While in the ambulance, Plaintiff alleges that Officers Kibbee and Smith, who elected to ride in the ambulance, physically battered Plaintiff by hitting her, pinching her, laying on her, and choking her.

Upon arriving at the Olathe Medical Center, Plaintiff alleges that the nurses, with the assistance of Officers Kibbee and Smith, then forcibly removed Plaintiff's clothing and attempted to obtain her consent for blood and urine samples.  Plaintiff claims she did not consent to blood or urine collection or any hospital procedures.  Plaintiff further claims that Officers Kibbee and Smith then assisted in the forced collection of a urine sample from Plaintiff by holding her legs apart, and they assisted in the forced taking of her blood.  Plaintiff alleges that during the forced urine collection, Officers Kibbee and Smith made jokes with the nurses and laughed while Plaintiff screamed in protest and pain, and began to cry.  Plaintiff alleges that as a direct and proximate result of the defendants' actions, she sustained painful and permanent physical injuries, and she suffered

severe mental anguish, anxiety, embarrassment, and distress leading to depression and other severe consequences.

Relevant to Plaintiff's spoliation motions are audio and video recordings that Plaintiff alleges were made by Officers Kibbee and Smith. According to Plaintiff, her contact with Officers Kibbee and Smith was recorded through two methods. The first is the in-car video recorders located in the patrol cars driven by Officers Kibbee and Smith. These recorders capture audio from microphones located on Officer Kibbee's and Smith's uniforms. The second method of recording contact are separate "belt audio" recorders, which Officers Kibbee and Smith could activate and thus record their contact with Plaintiff.

Plaintiff argues that on April 17, 2008, toward the end of his shift, Officer Kibbee saved audio from his "belt audio" recording onto a hard drive on one of four computers at the Olathe Police Department. On April 17, 2008, Officer Kibbee also submitted an in-car video into evidence at the Olathe Police Department, which contained a 2 hour and 42 minute video recording, with 18 minutes of audio. It appears that Officer Smith also submitted an audio recording of his contact with Plaintiff, although it is not clear exactly what was recorded or when it was submitted into evidence. In addition, it appears that Officer Smith uploaded the in-car video from Plaintiff's traffic stop on May 12, 2008. The parties are in agreement that there are four computers that could have been used by Officers Kibbee and Smith to submit their audio and video recordings.

In arguing that Defendants had a duty to preserve the four computer hard drives and Officer Smith's in-car video, Plaintiff places a great deal of emphasis on the criminal proceedings resulting from Plaintiff's traffic stop. Before this civil action was initiated, the State of Kansas prosecuted Plaintiff. Plaintiff's counsel in this action also served as her defense counsel in the criminal

proceedings. During the criminal proceedings, Plaintiff's counsel argued extensively with the Johnson County Assistant District Attorney about the existence of audio and video recordings made by Officers Kibbee and Smith of Plaintiff's traffic stop, the alleged manipulation or editing of these audio and video recordings, and the production of these audio and video recordings to Plaintiff. Plaintiff claims that during the time leading up to the criminal trial, exhaustive correspondence took place between the Johnson County District Attorney's Office and Plaintiff's counsel regarding the production of discovery. It appears that on April 24, 2008, Plaintiff's counsel requested evidence from the District Attorney's Office specifically seeking a video of Plaintiff's traffic stop. Plaintiff's counsel also appears to have sent a letter to the Assistant District Attorney on April 25, 2008 seeking all officer reports and videos of the traffic stop.

In addition to communications with the District Attorney's Office, Plaintiff's counsel sent a Kansas Open Records Act request to the Olathe Police Department on February 12, 2009. Among other things, Plaintiff requested a copy of the audio and video recordings made by Officers Kibbee and Smith on the night of April 16-17, 2008. A few months later, on April 17, 2009, Plaintiff's counsel sent a letter to counsel for Defendant the City of Olathe providing notice of the potential for civil litigation. Plaintiff filed her Complaint in this action on March 8, 2010.

Plaintiff claims that Defendants destroyed the four computer hard drives in January 2010. In support of this claim, Plaintiff relies on the deposition testimony of Chris Kelly, who testified on August 2, 2010:

> A. I would have to confirm, but I believe [the computers] were all swapped out in January of this year, when we implemented a -- we did an expansion to the police facility and established a complete new report writing room, and when we established the new report writing room, I believe all units were swapped at that time.

Q. How many units were available for writing reports on April 17, 2008?

A. In the report writing room, approximately four.

Q. Where are those computers today, those four computers?

A. I do not know.

Q. Did you guys retain them?

A. If they were indeed swapped and taken out of service, they would have been disposed of at public auction. Hard drives would have been erased.

Q. Would you have made a copy of those hard drives before you disposed of them?

A. No.[2]

Defendants, in response, argue that Chris Kelly did not testify that the four computer hard drives were in fact destroyed in January 2010. Rather, Mr. Kelly testified that he would have to confirm, but he believed the four computer hard drives were destroyed in January 2010. Defendants attach to their response brief an affidavit by Chris Kelly, wherein he states that after his deposition, he further investigated the four hard drives and discovered that they were all scheduled to be erased and sold as early as April 10, 2008. Defendants argue that the four hard drives were not destroyed in January 2010. In support of these claims, Mr. Kelly attached a copy of four work orders to his affidavit which, according to Mr. Kelly, directed the removal/replacement of the four personal computers at issue. Mr. Kelly states that PC 6910 was scheduled for removal on April 10, 2008 and the removal was completed on May 13, 2008; PC 7338 was scheduled for removal on April 14, 2008 and the removal was completed on May 13, 2008; PC 7334 was scheduled for removal on April 14,

---

[2] Deposition Testimony of Chris Kelly on August 2, 2010, pp. 26-27, ll. 18-25, 1-14, attached as Ex. F to Pl.'s Mem. in Supp. of her Mot. for Spoliation Sanctions Due to the Deliberate Destruction of Four Computer Hard Drives by Defendants Kibbee, Smith, and the City of Olathe (ECF No. 116).

2008 and the removal was completed on May 15, 2008; and PC 6759 was scheduled for removal on May 27, 2008 and the removal was completed June 26, 2008.

As for Officer Smith's in-car video, Plaintiff argues that the video has never been produced and the story as to what happened to the video has changed over time. According to Plaintiff, at first it was claimed that Officer Smith did not record an in-car video. Approximately one year later, it was claimed that Smith did record an in-car video, but that the video was lost in the police department's computer network. Finally, Plaintiff was told that Officer Smith's in-car video recorder malfunctioned and thus did not save the recordings of Officer Smith's contact with Plaintiff. Plaintiff argues that these theories are inconsistent. He further argues that when Officer Smith turned in his in-car video on May 12, 2008, he did not note any problems with his in-car recorder when he made the submission.

Defendants argue that they did not understand what happened to Officer Smith's in-car video until very recently. Defendants claim that after several thorough reviews of City records, Defendants discovered that Officer Smith's video recorder malfunctioned, resulting in an empty upload on May 12, 2008. Defendants therefore argue that no video exists.

It appears to the Court that the relevant time line is as follows:

| Date | Event |
| --- | --- |
| April 10, 2008 | Defendants claim PC 6910 was scheduled for removal. |
| April 14, 2008 | Defendants claim PC 7338 was scheduled for removal. |
| April 14, 2008 | Defendants claim PC 7334 was scheduled for removal. |
| April 17, 2008 | Plaintiff was arrested. |
| April 17, 2008 | Near the end of his shift, Officer Kibbee saved his audio belt recording onto one of four computers. Officer Kibbee also submitted his in-car video into evidence. |

| April 24, 2008 | Plaintiff's counsel requested evidence from the Johnson County District Attorney's Office, including a video of the traffic stop. |
| --- | --- |
| April 25, 2008 | Plaintiff's counsel sent a letter to the Assistant District Attorney seeking officer reports and videos. |
| May 12, 2008 | Officer Smith uploaded his in-car video. |
| May 13, 2008 | Defendants claim PC 6910 was removed. |
| May 13, 2008 | Defendants claim PC 7338 was removed. |
| May 15, 2008 | Defendants claim PC 7334 was removed. |
| May 27, 2008 | Defendants claim PC 6759 was scheduled for removal. |
| June 26, 2008 | Defendants claim PC 6759 was removed. |
| February 12, 2009 | Plaintiff's counsel sent a Kansas Open Records Act request to the Olathe Police Department. |
| April 17, 2009 | Plaintiff's counsel sent a letter to counsel for the City of Olathe regarding potential civil litigation. |
| January 2010 | Plaintiff claims the hard drives were destroyed. |
| March 8, 2010 | Plaintiff filed her Complaint in this action. |

## II.     STANDARD

Plaintiff seeks spoliation sanctions against Defendants for destroying the four hard drives and for failing to preserve and produce Officer Smith's in-car video. "Spoliation sanctions are proper when '(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.'"[3] "A party can only be sanctioned for destroying evidence that it had a duty to preserve, and such duty 'arises when the party has notice that the evidence is relevant to litigation or when

---

[3] *Turner v. Public Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007)).

7

a party should have known that the evidence may be relevant to future litigation."[4] "This notice may come at hands of differing events, but mostly commonly, a party is deemed to have notice of pending litigation if the party has received a discovery request, a complaint has been filed, or any time a party receives notification that litigation is likely to be commenced."[5]

The party claiming spoliation of evidence must generally demonstrate:

> (1) that the party had an obligation to preserve the electronic evidence at the time it was destroyed; (2) that the electronic evidence was destroyed with a culpable state of mind (may include ordinary negligence, gross negligence, recklessness, willful, or intentional); and (3) the destroyed evidence was relevant and favorable to the party's claim such that a reasonable trier of fact could find it would support that claim.[6]

## III. DISCUSSION

Plaintiff must demonstrate that Defendants had an obligation to preserve the four hard drives and Officer Smith's in-car video at the time the evidence was destroyed. As an initial matter, the Court finds that Defendants' duty to preserve the four hard drives and Officer Smith's in-car video arose on February 12, 2009, when Plaintiff's counsel sent a Kansas Open Records Act request to the Olathe Police Department requesting a copy of the audio and video recordings made by Officers Kibbee and Smith on the night of April 16-17, 2008. This is the earliest point at which it can be said that Defendants should have anticipated future litigation. Plaintiff's focus on correspondence with the District Attorney's Office during the criminal action is misplaced. These communications

---

[4] *Benton v. Dlorah, Inc.*, No. 06-cv-2488-KHV, 2007 WL 3231431, at *4 (D. Kan. Oct. 30, 2007) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y.2003)).

[5] *Oxford House, Inc. v. City of Topeka, Kan.*, No. 06-4004-RDR, 2007 WL 1246200, at *3 (D. Kan. April 27, 2007) (citing *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 72-73 (S.D.N.Y.1991)).

[6] *Benton*, 2007 WL 3231431, at *4 (citations omitted).

cannot be attributed to Defendants in this civil action, who were not parties in the criminal action against Plaintiff on behalf of the State of Kansas.

Thus, Plaintiff must demonstrate that the four hard drives and Officer Smith's in-car video were destroyed after February 12, 2009. Plaintiff's only evidence of when the four hard drives were destroyed is the deposition testimony of Chris Kelly. The Court has review this testimony and concludes that it does not show that the four hard drives were destroyed in January 2010. Rather, Mr. Kelly made it clear when he testified that he was not sure what happened to the four hard drives, but it was his best guess that there were destroyed in January 2010. The Court finds that this deposition testimony is simply not enough evidence to demonstrate that the four hard drives were destroyed in January 2010, well after the duty to preserve them arose. Because Plaintiff has not demonstrated when the four hard drives were destroyed, the Court must find that Plaintiff has failed to demonstrate spoliation of this evidence.

The Court reaches the same conclusion with respect to Officer Smith's in-car video. Plaintiff has not demonstrated that the video existed or that it was destroyed. Rather, Plaintiff argues that it was not properly preserved and produced to Plaintiff. However, without this information, the Court cannot find that the in-car video was destroyed after February 12, 2009, when the duty to preserve the evidence arose.

The Court thus denies Plaintiff's spoliation motions on the grounds that Plaintiff has not demonstrated that Defendants had an obligation to preserve the four hard drives and Officer Smith's in-car video at the time the evidence was destroyed.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Memorandum in Support of Her Motion for

Spoliation Sanctions Due to the Deliberate Destruction of Four Computer Hard Drives by Defendants Kibbee, Smith, and the City of Olathe (ECF No. 116) is denied, and (2) Plaintiff's Motion for Spoliation Sanctions Due to the Failure to Preserve and Produce Defendant Smith's In-Car Video (ECF No. 132) is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Memorandum in Support of Her Motion for Spoliation Sanctions Due to the Deliberate Destruction of Four Computer Hard Drives by Defendants Kibbee, Smith, and the City of Olathe (ECF No. 116) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Spoliation Sanctions Due to the Failure to Preserve and Produce Defendant Smith's In-Car Video (ECF No. 132) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 2nd day of February 2011.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties