## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMANTHA COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **CIVIL ACTION** |
| v. | ) |
| | ) **No. 10-2133-KHV** |
| OLATHE MEDICAL CENTER, INC., et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEMORANDUM AND ORDER

Samantha Cook brings suit against Olathe Medical Center, Inc. ("OMC"); Melissa Davenport, a nurse at OMC; Lee R. Kibbee and Wesley H. Smith, both Olathe police officers; the City of Olathe (the "City"); Ronald Karlin, a doctor at OMC; and Kim Wheeler, a nurse at OMC, for violation of constitutional rights, battery, intentional or negligent infliction of emotional distress, negligence and violation of privacy and patient rights. See Second Amended Complaint For Damages (Doc. #160) filed January 7, 2011. This matter comes before the Court on OMC's Motion For Default Judgment Of Sum Certain And Memorandum In Support (Doc. #183) filed February 25, 2011, to which plaintiff has not responded. Ordinarily, the Court will grant an uncontested motion without further notice. See D. Kan. Rule 7.4(b).[1] In this case, the Court construes the

---

[1]       Rule 7.4(b) states as follows:

Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

(continued...)

motion as one for entry of default on defendant's counterclaim and sustains it under Rule 55(a), Fed.

R. Civ. P.

   OMC asks the Court to enter default judgment on its counterclaim, but it has not obtained

an entry of default under Rule 55(a), Fed. R. Civ. P.[2]   See <u>Motion For Default Judgment</u>

_____

   [1](...continued)
D. Kan. Rule 7.4(b).

   [2]   Rule 55 states, in part, as follows:

   (a) Entering a Default. When a party against whom a judgment for affirmative relief
   is sought has failed to plead or otherwise defend, and that failure is shown by
   affidavit or otherwise, the clerk must enter the party's default.

   (b) Entering a Default Judgment.

      (1) By the Clerk.  If the plaintiff's claim is for a sum certain or a sum that can
      be made certain by computation, the clerk – on the plaintiff's request, with
      an affidavit showing the amount due – must enter judgment for that amount
      and costs against a defendant who has been defaulted for not appearing and
      who is neither a minor nor an incompetent person.

      (2) By the Court.  In all other cases, the party must apply to the court for a
      default judgment.  A default judgment may be entered against a minor or
      incompetent person only if represented by a general guardian, conservator,
      or other like fiduciary who has appeared.  If the party against whom a default
      judgment is sought has appeared personally or by a representative, that party
      or its representative must be served with written notice of the application at
      least 7 days before the hearing.  The court may conduct hearings or make
      referrals – preserving any federal statutory right to a jury trial – when, to
      enter or effectuate judgment, it needs to:
         (A) conduct an accounting;
         (B) determine the amount of damages;
         (C) establish the truth of any allegation by evidence; or
         (D) investigate any other matter.

Fed. R. Civ. P. 55(a) and (b).

(Doc. #183).[3]  A party may not proceed directly to default judgment before receiving an entry of default.  Sheldon v. Khanal, No. 07-2112-KHV, 2007 WL 2213540, at *2 (D. Kan. Aug. 1, 2007). Rule 55 contemplates a two-step process by which a party first receives an entry of default under Rule 55(a) and then applies for default judgment under Rule 55(b).  Id. (citing Williams v. Smithson, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995)).  Because OMC cannot proceed directly to default judgment, the Court construes its motion as one for entry of default rather than one for default judgment.  See Kelly v. Wilson, No. 09-2188, 2009 WL 3122519, at *1 (D. Kan. Sept. 29, 2009).

On January 11, 2011, OMC filed its answer to the second amended complaint and asserted a counterclaim for failure to pay for medical services in the amount of $2,311.30.  See Answer Of Defendants Olathe Medical Center, Inc., Melissa Davenport Smith, R.N. And Kimberly Wheeler, R.N. To Plaintiff's Seconded [sic] Amended Complaint For Damages And Counterclaim Of Olathe Medical Center, Inc. (Doc. #173) at 15-16.  Pursuant to Rule 12(a)(1)(B), plaintiff had 21 days, or until February 1, 2011, to file an answer or otherwise respond to the counterclaim.  See Fed. R. Civ. P. 12(a)(1)(B).[4]  Plaintiff did not do so.  Because plaintiff has failed to plead or otherwise defend

---

[3]  OMC states that it is entitled to "entry of default judgment."  Motion For Default Judgment (Doc. #183) at 1, 3.

[4]  Rule 12(a)(1)(B) states as follows:

(1) In General.  Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:  * * *

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

(continued...)

the counterclaim, OMC is entitled to an entry of default under Rule 55(a).

**IT IS THEREFORE ORDERED** that OMC's <u>Motion For Default Judgment Of Sum Certain And Memorandum In Support</u> (Doc. #183) filed February 25, 2011, which the Court construes as a motion for entry of default under Rule 55(a), Fed. R. Civ. P., be and hereby is **SUSTAINED.** The Court directs the Clerk to enter default against plaintiff, Samantha Cook, on the counterclaim asserted by Olathe Medical Center, Inc. (Doc. #173).

Dated this 13th day of April, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4](...continued)
Rule 12(a)(1)(B), Fed. R. Civ. P.