IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMANTHA COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 10-CV-2133-KHV-DJW |
| v. | ) |
| | ) |
| OLATHE HEALTH SYSTEM, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion to Amend Petition to Add Punitive Damages (ECF No. 187). The motion is denied.

**I.    BACKGROUND**

Plaintiff filed this action on March 8, 2010. No claim for punitive damages was made in the Original Complaint. Plaintiff filed her First Amended Complaint on March 22, 2010. This complaint did not contain a claim for punitive damages. Plaintiff then requested leave to file a Second Amended Complaint on August 2, 2010. According to Plaintiff's Second Amended Complaint, Plaintiff, by and/or through Defendants, was subjected to an unlawful search and seizure, battery, intentional or negligent infliction of emotional distress, negligent acts, violations of her civil rights, and violations of her privacy and rights as a patient on April 17, 2008. No claim for punitive damages was made in the Second Amended Complaint. The deadline for motions to amend the pleadings was August 15, 2010. On March 21, 2011, the morning of the final Pretrial Conference, Plaintiff filed a motion for leave to file a Third Amended Complaint in an attempt to add punitive damage claims.

## II. STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, after the permissive period, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[1] The rule further provides that "[t]he court should freely give leave when justice so requires."[2] The Supreme Court has held that "this mandate is to be heeded."[3] Yet, the decision to grant leave lies within the discretion of the trial court.[4] Several factors guide the Court in exercising its discretion.[5] Leave to amend may be denied when the court finds undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, futility of amendment, or failure by the moving party to state a claim despite sufficient opportunity to do so.[6] Untimeliness alone is a sufficient reason to deny leave to amend the pleadings, especially when the moving party provides no explanation for the delay.[7]

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Id.*

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted).

[4] *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995).

[5] *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405 (10th Cir. 1984) (finding factors to consider include whether undue prejudice will result, whether the request was unduly and inexplicably delayed, whether the request was offered in bad faith, or whether the moving party failed to state a claim after having sufficient opportunity to do so).

[6] *See id.*; *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

[7] *Pallottino v. City of Rio Rancho*, 31 F. 3d 1023, 1027 (10th Cir. 1994); *see ACI Intern., Inc.*, No. 03-4165, 2007 WL 2461610, at * 1-2, n.13 (D. Kan. Aug. 22, 2007) (denying leave to amend to add punitive damages when motion was filed seven months after deadline and requested at pretrial conference); *see also Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462

**III.     THE PARTIES' ARGUMENTS**

Plaintiff's motion and memorandum in support thereof contend that the addition of punitive damages in this case is needed. Specifically, Plaintiff argues that this case is "the type of case the legislature had in mind when passing K.S.A. 60-3702."[8] In support of this contention, Plaintiff cites Defendants' alleged, "admitted" acts of "holding Plaintiff down to obtain blood and urine samples against her will. . . ," facts which have served as the foundation of Plaintiff's case since filing.[9] Though Plaintiff emphasizes the strength of her case, little factual support is provided. Rather than facts, Plaintiff focuses on when punitive damages are warranted, noting that "[p]unitive damages serve two public purposes in Kansas - punishment and deterrence."[10] Plaintiff reasons that since the Kansas legislature defined "when, how, and in the manner in which suspects, arrestees, or inmates could be viewed while unclothed, or have their body cavities searched. . . . [or be subject to forcible] blood and urine samples," then it intended for punitive damages to be accessible to punish defendants in violation of those statutory schemes.[11]

---

(10th Cir. 1991) (upholding denial of amendment where "no new evidence that was unavailable at the original filing had come to [plaintiff's] attention," and stating "given the untimely filing of the motion and lack of new information justifying the delay in adding a new claim" denial of the motion to amend is proper).

[8]Pltf.'s Memo In Support of Her Mot. To Amend Her Petition to Add Punitive Damages, ECF No. 188 at pg. 1.

[9]*Id*.

[10]*Id*. at pg. 2 (citing *Hartford Accident & Indem. Co. v. American Red Ball Transit Co.*, 938 P.2d 1281, 1285-86 (Kan. 1997), *cert. denied* 522 U.S. 951 (1997).

[11]*Id*. at pg. 3 (referring to K.S.A. 22-2521 through K.S.A. 22-2524 and K.S.A. 8-1001).

The Healthcare Defendants[12] argue that Plaintiff's substantive arguments, even assuming no flaws, do not warrant an amended complaint at this stage of the litigation.[13] The Healthcare Defendants contend that the Court should deny Plaintiff's request to amend the petition because it is procedurally defunct, untimely, and without sufficient support.

Procedurally, they claim, the motion violates D. Kan. Rule 15.1 (a)(2), Fed. R. Civ. P. 9 (g), and lacks specificity. First, Healthcare Defendants note that the local rules require "a party seeking leave to amend to attach a proposed amended complaint."[14] Because Plaintiff did not attach such an amended complaint, denial of the motion is appropriate. Second, the federal rules mandate that special damages be pled with specificity.[15] Healthcare Defendants argue that since Plaintiff generally seeks "leave to add a claim for punitive damages" under K.S.A. 60-3703 which is in conflict with Federal Rule 9 (g), Plaintiff failed to comply with the necessary specificity and the motion should be denied. Third, Healthcare Defendants contend that Plaintiff's motion does not specify upon which claims she is entitled to punitive damages.[16] Furthermore, she fails to designate which defendants she intends to add a claim against for punitive damages.[17]

---

[12]Olathe Medical Center, Inc.; Melissa Davenport Smith, R.N.; Kimberly Wheeler, R.N.; and Ronald Karlin, M.D.

[13]Defs.' Memo In Opp. To Pltf.'s Mot. To Amend Petition To Add Punitive Damages, ECF No. 191 at pg. 3.

[14]*Id.*

[15]*Id.*

[16]*Id.*

[17]*Id.*

With regard to timeliness, Healthcare Defendants maintain that Plaintiff's motion to amend comes far too late and without excuse. The notification of Plaintiff's intent to file the present motion came at the Pretrial Conference, one year after the case was filed, after discovery closed, and seven months after the deadline for amendments to the pleadings.[18] With the trial only five months away, additional discovery and dispositive motions would be required if Plaintiff would be allowed "to dramatically alter the scope of this action by adding punitive damages to a case in which she has not even sought economic damages."[19] Furthermore, Healthcare Defendants claim they would be subject to unfair surprise and extreme prejudice were this amendment allowed.

Lastly, Healthcare Defendants point out the deficiency in Plaintiff's supporting affidavit from her counsel. Plaintiff's counsel's declaration regarding punitive damages in this action was signed and notarized by counsel himself. As Kansas does not allow a notary public to notarize one's own signature, Healthcare Defendants state this constitutes an insufficient basis for Plaintiff's motion.[20]

Defendants Kibbee, Smith, and City of Olathe, Kansas Police Department also oppose a third amended complaint. These defendants, like Healthcare Defendants, assess an amendment of the petition this late in litigation as untimely, without excuse, and prejudicial. Additionally, Defendants Kibbee, Smith, and City of Olathe, Kansas Police Department argue that the motion is futile because "[p]unitive damages against a city are prohibited under 42 U.S.C. §1983 and

---

[18]*Id.* at pg. 5.

[19]*Id.*

[20]*Id.* at pg. 7.

Kansas law."[21] And "punitive damages are available only for conduct of the individual employees which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"[22] Since Plaintiff "provides scant support" for her motion and conclusory "assertions by her own lawyer," these defendants state that Plaintiff's motion should be denied.[23]

## III. DISCUSSION

The Court finds Defendants' arguments persuasive. In particular, the Court finds Plaintiff's motion untimely.[24] Plaintiff's motion is inexplicably delayed. Plaintiff's request to amend comes one year after the case was filed, after the close of discovery, seven months after the deadline for amendments to the pleadings, and five months before trial. Plaintiff offers no reason as to why this claim comes so late in the litigation. In fact, the only factual support for amending the complaint proffered by Plaintiff is that which was known and claimed in Plaintiff's Original Complaint. Plaintiff filed no reply brief and has not provided the Court with any facts to demonstrate why this claim could not be brought earlier. Therefore, the Court is forced to assume Plaintiff could have added this claim sooner and failed to act in a timely fashion.

To allow Plaintiff to amend her claims at this stage would undeniably disrupt the case schedule and cause undue prejudice to the opposing parties. No discovery has been conducted

---

[21] Response in Opp. To Pltf.'s Mot. To Amend Petition To Include Punitive Damages, ECF No. 192 at pg. 3.

[22] *Id.* at pg. 4 (citing *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

[23] *Id.* at pgs. 4, 5.

[24] Additionally, Plaintiff's motion failed to recognize the standard for amending the pleadings. While substantive argumentation is critical to the practice of law, one should not abandon the procedural nature upon which our justice system operates.

6

with regard to punitive damages. Thus, if the Court permitted this amendment, it would also have to allow additional discovery and, in turn, further opportunity for dispositive motions. This would create an added burden to the parties and the Court.[25]

Because the enigmatic untimeliness of Plaintiff's request to amend is sufficient for denial, the Court does not reach the merits of whether Plaintiff's deficient affidavit in support of her motion warrants denial of the motion or whether the requested amendment is futile.

In sum, the Court finds that justice will be upheld, the interests of judicial economy will be served, and prejudice to all parties will be minimized if the case proceeds with the scope and claims already established.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Petition to Add Punitive Damages (ECF No. 187) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 20th day of April 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel

---

[25]That does not include the additional work which would be required to discern with sufficient specificity the claim(s) Plaintiff wishes to include. Plaintiff did not provide a proposed amended complaint, nor did she include the necessary specifics of her claim in her motion. The Court and the parties are uncertain against whom Plaintiff wishes to assert punitive damages, not to mention the amount.