DJW/3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMANTHA COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 10-CV-2133-KHV |
| v. | ) |
| | ) |
| OLATHE HEALTH SYSTEM, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion for Protective Order of Defendants Kibbee and Smith (ECF No. 205). They request a protective order pursuant to Fed. R. Civ. P. 26(c) precluding their depositions. They alternatively request a protective order specifying the location and limiting the scope of the depositions to claims asserted in the Pretrial Order. For the reasons discussed below, the motion is granted in part and denied in part.

This case is brought pursuant to 42 U.S.C. §1983, wherein Plaintiff alleges that Defendants Kibbee and Smith, police officers for the City of Olathe, Kansas, violated her constitutional rights during and after a traffic stop. Plaintiff also asserts pendent Kansas tort claims against the other defendants arising primarily out of allegations of medical negligence. On April 19, 2011, Plaintiff electronically served notices for the depositions of Defendants Kibbee and Smith on May 4, 2011 at the offices of Plaintiff's counsel.[1] After emailing and calling Plaintiff's counsel to resolve the dispute, Defendants filed the instant Motion for Protective Order on April 19, 2011.

---

[1] *See* Notices to Take Videotape Deposition (ECF Nos. 203 and 204).

Defendants Kibbee and Smith, as the parties moving for a protective order under Federal Rule of Civil Procedure 26(c)(1), have the burden to show good cause for it.[2] They assert two primary reasons in support of their request for a protective order precluding their depositions. First, they argue that the March 1, 2011 discovery deadline has expired and Plaintiff has not moved to extend that deadline. Nor did Plaintiff raise the issue concerning the depositions of Defendants Kibbee and Smith at either pretrial conference held on March 21 and April 15, 2011. Second, Defendants Kibbee and Smith argue that they would be prejudiced by allowing Plaintiff to depose them now that they have filed their motions for summary judgment. They further argue that Plaintiff would suffer no prejudice if precluded from taking their depositions because Plaintiff's counsel has already examined them concerning the underlying facts at both suppression hearings and at Plaintiff's trial on the criminal charges.

The deadline for completion of discovery in this case was March 1, 2011. Plaintiff's notices for the depositions of Defendants Kibbee and Smith were served after the discovery deadline and are thus untimely. Plaintiff, however, argues that she has diligently pursued the depositions of Defendants Kibbee and Smith since the outset of this case. This issue was originally discussed at the parties' initial scheduling conference on August 3, 2010. On November 24, 2010, at a hearing regarding several outstanding issues, Plaintiff again inquired about deposing Defendants Kibbee and Smith. The Court stayed discovery directed toward Defendants Kibbee and Smith until their pending qualified immunity motion was ruled upon. On March 1, 2011, the deadline for completion of discovery, the Court denied in part and affirmed in part Defendants' summary judgment motions, including their claims of qualified immunity. Six days later, on March 7, 2011, counsel for Plaintiff

---

[2]*Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000); *Harris v. Euronet Worldwide, Inc.*, No. 06-2537-JTM-DWB, 2007 WL 1557415, at *1 (D. Kan. May 29, 2007).

sent a letter inquiring about scheduling the depositions of Defendants Kibbee and Smith.

The Court finds that Plaintiff began pursuing the depositions of Defendants Kibbee and Smith well before the discovery deadline, and she was not allowed to depose them until after the Court ruled on Defendants' motions for summary judgment. The Court further finds that the depositions are necessary for Plaintiff to properly pursue her claims in this case. She alleges that these Defendants were witnesses to almost all of the contact with the Plaintiff, consequently, their testimony is relevant and crucial to all of Plaintiff's claims and Defendants' defenses. Under these circumstances, Plaintiff should not be barred from deposing Defendants Kibbee and Smith because the discovery deadline has expired.

Defendants also assert that they will be prejudiced by allowing the depositions to proceed after they have filed motions for summary judgment. The Court is not persuaded that Defendants will be unduly prejudiced by the late depositions. Defendants have been aware from early in the case of Plaintiff's attempts to depose Defendants Kibbee and Smith. Although Defendants complain that Plaintiff never raised this issue at either pretrial conference with the Court, Section 13 of the Pretrial Order submitted by the parties and entered by the Court (ECF No. 209) reflects that Plaintiff still sought additional discovery pertaining to these Defendants. Although Defendants may suffer some prejudice by these depositions occurring after they have filed their motions for summary judgment, this prejudice can be cured by supplemental briefing or other measures. On the other hand, Plaintiff would be unduly prejudiced if not allowed to depose Defendants Kibbee and Smith, as their testimony is relevant and critical to the claims and defenses in the case. This prejudice cannot be cured by additional briefing or other measures. In addition, the Court finds that Plaintiff's prior examination of these Defendants at criminal suppression hearings and at Plaintiff's trial on the

criminal charges is not equivalent to being deposed in this action, a civil case with different claims, defenses, parties, and issues.

In sum, the Court finds that Defendants Kibbee and Smith have not shown good cause for a protective order altogether precluding their depositions.

Finally, Defendants alternatively request that if the Court allows the depositions to proceed, that it specify the location of the depositions as the offices of their counsel on a date convenient to all parties, and limit the scope of the depositions to the claims asserted in the Pretrial Order. Plaintiff does not assert any objection in her response to Defendants' request for the depositions to be held at the offices of their counsel. The Court will therefore grant this request. The Court will also grant Defendants' request that the deposition be conducted on a date convenient to all parties.

Plaintiff does object to the Court placing significant restrictions on the depositions as unnecessary and prejudicial. Plaintiff argues that she will be restricted by the usual parameters prescribed by Fed. R. Civ. P. 30.

Defendants Kibbee and Smith have not shown good cause for an order restricting the scope of the deposition examinations to the claims in the Pretrial Order. Fed. R. Civ. P. 26(b)(1) provides sufficient limitation on the scope of the deposition examination.

**IT IS THEREFORE ORDERED** that the Motion for Protective Order of Defendants Kibbee and Smith (ECF No. 205) is granted in part and denied in part. The request for a protective order precluding the depositions of Defendants Kibbee and Smith is denied. Plaintiff may take the depositions of Defendants Kibbee and Smith. **<u>Within three (3) days of the date of this Order</u>**, counsel for Defendants Kibbee and Smith shall provide Plaintiff's counsel with proposed deposition dates. The alternative request for an order specifying the location and dates of the depositions is

granted. The depositions shall be conducted at the offices of counsel for Defendants Kibbee and Smith on dates convenient to all parties, but no later than **June 15, 2011.** The request for an order limiting the scope of the deposition examinations is denied.

**IT IS FURTHER ORDERED** that each party to bear its own costs associated with the motion. Although denying the motion for protective order, the Court finds that the motion was substantially justified under Fed. R. Civ. P. 37(a)(5)(B).[3]

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 31st day of May 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel

---

[3] *See* Fed. R. Civ. P. 37(a)(5)(B)(ii) ("But the court must not order [payment of reasonable expenses incurred in opposing the motion] if the motion was substantially justified or other circumstances make an award of expenses unjust.").