**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

| | |
|---|---|
| SAMANTHA COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-02133-KHV-DJW |
| ) | |
| OLATHE HEALTH SYSTEMS, INC., ) | |
| MELISSA DAVENPORT, ) | |
| LEE R. KIBBEE, ) | |
| WESLEY H. SMITH, ) | |
| THE CITY OF OLATHE, ) | |
| DR. RONALD KARLIN, and ) | |
| KIM WHEELER, ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE OF DEFENDANTS
CITY OF OLATHE, KANSAS, LEE KIBBEE AND WESLEY SMITH**

**I.  INTRODUCTION**

The Plaintiff, Samantha Cook, brings this action against Olathe Medical Center, Inc. ("OMC"), Melissa Davenport, a nurse at OMC, the City of Olathe ("City") and Lee R. Kibbee and Wesley H. Smith, both Olathe Police Officers (collectively the "City Defendants"), Ronald Karlin, a doctor at OMC, and Kim Wheeler, a nurse at OMC, alleging a violation of her rights under 42 U.S.C. § 1983 and Kansas law.

The City Defendants have filed the accompanying Motion in Limine in an attempt to anticipate some of the evidentiary issues that may be raised at the time of trial.

**II.  STANDARDS FOR MOTIONS IN LIMINE**

In ruling on the parties' motions in limine, the Court applies the following standard:

> "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial. A ruling in limine does not

relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial.

*First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F.Supp.2d, 1078, 1082 (D.Kan.2000) (internal quotations and citations omitted).

### III.  DEFENDANTS' MOTION IN LIMINE

**A.  <u>Availability of Any Insurance Coverage</u>**.

Rule 411, Fed. R. Evid., provides that evidence of liability insurance is not admissible to prove that a party acted wrongfully.  Evidence of insurance coverage for any of the claims stated in the Pretrial Order should not be received as evidence.

**B.  <u>Claims that are not Contained in the Pretrial Order</u>**.

A pretrial conference has been conducted in this matter and a Pretrial Order entered by the Court. (Doc. 209).  A procedural anomaly exists in that appended to the Pretrial Order are a list of "claims" asserted by the Plaintiff, but which are not part of the Pretrial Order.  It is anticipated that the Plaintiff will attempted to introduce evidence and make statements about these "claims" that are not part of the Pretrial Order.  For the reasons set forth below, the City Defendants request an order in limine prohibiting such evidence and statements.

Rule 16(d) of the Fed. R. Civ. P., provides that the Pretrial Order shall control the subsequent course of the action unless modified by the Court.  Thus, the Final Pretrial Order "measures the dimensions of the lawsuit both in the trial court and on appeal." *Koch v. Koch Industries, Inc.*, 2003 F.3d 1202, 1212 (10th Cir. 2000) (Referring to formerly FRCP 16(e)).

It is anticipated that at trial, the Plaintiff and/or Plaintiff's counsel will attempt to make statements, elicit testimony, or make argument concerning claims that are not in the Pretrial Order.  The type of "claims" that should be the subject of an Order in Limine include those that were dismissed by the Court on the City Defendants' dispositve motion or those that are merely appended to the Pretrial Order, but not part of the Pretrial Order.

**C.      Settlement Negotiations**.

Rule 408, Fed. R. Evid., provides that evidence regarding offers of compromise or settlement is inadmissible to prove liability for or the invalidity of the claim or its amount. Evidence concerning offers of compromise or settlement is irrelevant to any of the issues contained in the Pretrial Order. Particularly, since the parties were required by the Court pursuant to the Scheduling Order to exchange offers of settlement.

**D.      Expert Witnesses**.

The Plaintiff and/or Plaintiff's counsel should be precluded from making any statement or presenting any evidence concerning the opinions of expert witnesses. Throughout the course of this litigation, Plaintiff's counsel has committed about opinions of experts who he claims have reviewed audio recordings of Officers Kibbee and Smith. However, in this action, the Plaintiff has not designated any expert to testify at the time of trial. Therefore, any comments about the opinions of any expert would be irrelevant, would constitute hearsay, and would be adversely prejudicial to these Defendants.

**E.      Evidence of Other Claims, Lawsuits and Incidents**.

Rule 401, Fed. R. Evid., defines what is, or is not "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 403, operates to limit the admission of evidence that, although relevant, may be excluded of its probative value if substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

It is anticipated that the Plaintiff and/or Plaintiff's counsel will make statements or attempt to introduce evidence concerning unrelated claims, lawsuits, or incidents involving the City Defendants. However, evidence of these matters that do not touch on the claims made in the Pretrial Order, or are either not relevant, or lack in probative value should not be mentioned or offered into evidence. For example, Officer Kibbee has received oral and/or written reprimands concerning accidents involving the operation

of his patrol vehicle. Such evidence is not relevant to any of the claims made in the Pretrial Order and should be excluded.

## IV.  CONCLUSION

Based upon the foregoing arguments and authorities, the City Defendants respectfully request that this Court enter its Order in Limine in conformance with Motion for Summary Judgment.

> Respectfully submitted,
>
> FISHER, PATTERSON, SAYLER & SMITH, LLP
>
>   /s/ Michael K. Seck, #11393
> Michael K. Seck, #11393
> Marc N. Middleton, #24458
> 51 Corporate Woods, Suite 300
> 9393 West 110th Street
> Overland Park, Kansas  66210
> (913) 339-6757 / (913) 339-6187 (FAX)
> mseck@fisherpatterson.com
> mmiddleton@fisherpatterson.com
> ATTORNEYS FOR DEFENDANTS
> CITY OF OLATHE, LEE KIBBEE AND WESLEY SMITH

**CERTIFICATE OF SERVICE**

   I hereby certify that I electronically filed the foregoing *Memorandum in Support of Motion in Limine of Defendants City of Olathe, Kansas, Lee Kibbee, and Wesley Smith* this **23rd** day of June, 2011, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jeremiah Johnson, KS#22726
LAW OFFICES OF JEREMIAH JOHNSON LLC
104 E. Poplar
Olathe, Kansas 66061
(913) 768-0070\Fax: (913) 764-5012
(816) 284-9524
jeremiah@kcatty.com
**ATTORNEY FOR PLAINTIFF**
**SAMANTHA COOK**

Todd A. Scharnhorst, KS#16863
Shannon Cohorst, KS#23496
SCHARNHORST AST & KENNARD, P.C.
1000 Walnut, Suite 1550
Kansas City, MO 64106
(816) 268-9401\Fax: (816) 268-9409
tas@sakfirm.com
sdc@sakfirm.com
**ATTORNEY FOR DEFENDANTS**
**OLATHE HEALTH SYSTEMS, INC.**
**MELISSA DAVENPORT AND KIM WHEELER**

Trevin Wray, KS#21165
Tucker L. Poling, KS#23266
HOLBROOK & OSBORN, P.A.
7400 West 110th Street, Suite 600
Overland Park, Kansas 66210-2362
(913) 342-2500\Fax: (913) 342-0603
twray@holbrookosborn.com
tpoling@holbrookosborn.com
**ATTORNEYS FOR DEFENDANT**
**RONALD KARLIN, M.D.**

                /s/ Michael K. Seck, #11393