**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

| | |
|---|---|
| SAMANTHA COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-02133-KHV-DJW |
| ) | |
| OLATHE MEDICAL CENTER, INC., ) | |
| *et. al.* ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTIONS IN LIMINE

Defendants Olathe Medical Center, Inc., Melissa Davenport Smith, R.N., and Kimberly Wheeler, R.N., (collectively, the "OMC Defendants"), by and through their counsel of record, jointly move the Court for its order, *in limine*, excluding the following evidence, testimony, and/or arguments at trial:

I. Evidence or testimony regarding the standard of care applicable to the OMC Defendants;

II. Any reference to claims not contained in the Pretrial Order;

III. Any reference by plaintiff to corporate or professional liability insurance;

IV. Evidence of other claims or lawsuits against Defendants;

V. Evidence or testimony regarding settlement offers, demands, or negotiations; and

VI. Any reference or argument by plaintiff relating to Kansas patients' rights regulations.

In support of this motion, the OMC Defendants state as follows:

{00132050.DOCX}
1

## APPLICABLE STANDARD

Motions in limine "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Smith v. Bd. of County Commissioners,* No. 01-4018-SAC, 2003 WL 21293565,*1 (D. Kan. May 27, 2003); *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir.1996)).  Motions in limine also may "save the parties time, effort, and cost in preparing and presenting their cases." *Id.* (citing *Pivot Point Intern., Inc. v. Charlene Products, Inc.,* 932 F.Supp. 220, 222 (N.D.Ill.1996)).  However, this Court has noted it is better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there.  *Id.*

The movant requesting exclusion of the evidence has the burden of demonstrating the evidence is inadmissible on "any relevant ground."  *Id.*  Pursuant to the Federal Rules, relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  While generally all relevant evidence is admissible, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

**MOTIONS IN LIMINE**

**I.     EVIDENCE OR TESTIMONY REGARDING THE STANDARD OF CARE.**

The instant case is a medical negligence action in which the plaintiff began hyperventilating, felt faint, and requested emergent care so that her medical condition could be evaluated, while under arrest and in the custody of police officers. The OMC Defendants anticipate plaintiff may attempt to present lay witness testimony regarding the OMC Defendants' applicable standard of care and whether that standard of care was breached. Any such evidence should be barred because, as more fully set forth in the OMC Defendants' *Motion for Summary Judgment* (Docs. 194 and 195), Kansas law requires the standard of care be presented by expert testimony, and plaintiff has failed to designate an expert witness.

In Kansas, "negligence is never presumed, and may not be inferred merely from a lack of success or an adverse result from treatment." *Nold v. Binyon*, 272 Kan. 87, 103, 31 P.3d 274, 285 (2001) (internal citations omitted). Plaintiff bears the burden of proving not only negligence, but also that the negligence <u>caused</u> the plaintiff's injury. <u>See</u> *id*. (citations omitted) (emphasis added). Ordinarily, in a medical negligence case, expert testimony is required to establish the standard of care and to support conclusions of causation. *St. Francis Reg'l Med. Ctr., Inc. v. Hale*, 12 Kan. App. 2d 614, 619, 752 P.2d 129, 133 (Kan. Ct. App. 1988) (citations omitted).

Plaintiff's deadline to designate her experts was November 1, 2010. (Doc. 65, ¶ 2(j)). The deadline has now passed, and plaintiff did not designate an expert. <u>See</u> Docket Entries for 2:10-cv-02133-KHV-DJW. Conversely, the OMC Defendants timely designated medical experts who will testify that Ms. Cook's evaluation was within the applicable standard of

care and the OMC Defendants could not have ordered law enforcement to leave the premises during Ms. Cook's evaluation.  *See* Doc. 176.

Accordingly, any testimony or remarks offered by plaintiff, her counsel, or witnesses testifying on plaintiff's behalf as to the applicable standard of care should be excluded, as those witnesses are not qualified to opine on the applicable standard of care, and any such remarks would be prejudicial to defendants.  Further, any testimony by Ms. Cook's treating physicians and offered by plaintiff as to the applicable standard of care should be excluded, as those physicians were not designated as experts and therefore cannot provide expert opinions on plaintiff's behalf.

## II.   ANY REFERENCE TO CLAIMS NOT CONTAINED IN THE PRETRIAL ORDER.

Argument, reference, or testimony relating to claims not contained in the final Pretrial Order (Doc. 209) should be excluded at trial.   Under the Federal Rules, the final Pretrial Order supersedes the pleadings and controls the subsequent course of litigation. F.R.C.P. 16(d); D. Kan. Rule 16.2(c).  Here, a final Pretrial Conference was held and the Court entered its final Pretrial Order on April 27, 2011.  (Doc. 209).

The final Pretrial Order contains an "attachment" submitted by plaintiff's counsel in which plaintiff asserts some additional claims which she believes should be included in the Pretrial Order, but which ultimately were not included in the Pretrial Order.  The OMC Defendants anticipate plaintiff will attempt to improperly argue or reference claims not included in the Pretrial Order at trial.  However, claims not included in the Pretrial Order are irrelevant to the issues before the jury, and therefore testimony or reference to those claims would only serve to confuse the jury and prejudice defendants.  Accordingly,

{00132050.DOCX}

plaintiff should be precluded from arguing, referencing, or proferring testimony regarding any claim or cause of action that is not included in the Pretrial Order.

### III.   ANY REFERENCE BY PLAINTIFF TO CORPORATE OR PROFESSIONAL LIABILITY INSURANCE.

Argument, reference, or evidence relating to the existence of corporate or professional liability insurance, including any reference to potential indemnification from liability insurers, should be excluded at trial.   Under both the Federal Rules and Kansas law, "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully."   Fed. R. Evid. 411; *see also* Kan. Stat. Ann. § 60-454.

The OMC Defendants anticipate plaintiff may attempt to reference the existence of liability insurance held by one or more of the parties.  However, insurance coverage is irrelevant to the issues in this case and may cause prejudice or confusion of the jury. Considering the potential prejudice to the OMC Defendants and the clear support for exclusion of this evidence under the Federal Rules, any evidence of liability insurance or indemnification should be excluded at trial.

### IV.   EVIDENCE OF OTHER CLAIMS OR LAWSUITS AGAINST DEFENDANTS.

Any evidence relating to other claims or lawsuits against the OMC Defendants should be excluded at trial.   Pursuant to the Federal Rules, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).   Further, even where relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

{00132050.DOCX}

5

This is a medical negligence case arising from an April 17, 2008 traffic stop involving plaintiff Samantha Cook, during which she began hyperventilating and requested medical evaluation while in the custody of police officers.  The issues involved in any other lawsuit or claim against the OMC Defendants would not be factually similar to plaintiff's allegations in this case.  Any such evidence would only allow the jury to make improper inferences regarding the OMC Defendants' past and present treatment of other patients – inferences wholly unrelated to the specific facts of this case.  Further, evidence regarding other lawsuits or claims would result in an unnecessary diversion from the real issues before the jury (i.e. whether the OMC Defendants met the appropriate standard of care in evaluating Ms. Cook on April 17, 2008).  The OMC Defendants would, in effect, be forced to try each other lawsuit or claim to demonstrate its lack of merit and to differentiate other claims, substantially lengthening the trial and confusing the jury.  In short, the probative value of such evidence would be outweighed by its prejudicial effect.

Further, evidence of other claims or lawsuits against the OMC Defendants is irrelevant.  Pursuant to the Federal Rules, relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  All material facts in this case concern the evaluation provided to Ms. Cook after she requested emergent treatment on April 17, 2008, and the standard of care owed by the OMC Defendants to plaintiff under these circumstances.  No other claims or lawsuits would have a tendency to prove any fact related to Ms. Cook's allegations.  Accordingly, evidence of any other claims or lawsuits against the OMC Defendants should be excluded at trial.

{00132050.DOCX}

6

## V.  EVIDENCE OR TESTIMONY REGARDING SETTLEMENT OFFERS, DEMANDS, OR NEGOTIATIONS.

Argument, reference, or evidence relating to settlement negotiations or settlement offers should be excluded at trial.  Under the Federal Rules, evidence of settlement offers is inadmissible when offered to prove liability for or the invalidity of a claim, or to impeach through a prior inconsistent statement or contradiction.  Fed. R. Evid. 408(a)(1).  "The prejudicial effect of allowing a jury to hear of the circumstances surrounding the settlement of a claim was one of the concerns that motivated the drafters of the Federal Rules of Evidence to absolutely prohibit the use of evidence of a settlement to prove liability or the amount of a claim."  *Weir v. Fed. Ins. Co.,* 811 F.2d 1387, 1395 (10th Cir. 1987).

Any settlement negotiations between the parties have no relevance at all to the issues in this case.  Admission of such evidence would only serve to prejudice the OMC Defendants and confuse or mislead the jury.  Accordingly, argument, reference, or evidence relating to any settlement, settlement offer, demand, or settlement negotiations should be excluded at trial.

## VII.  ANY REFERENCE OR ARGUMENT BY PLAINTIFF RELATING TO KANSAS PATIENTS' RIGHTS REGULATIONS.

The OMC Defendants anticipate plaintiff may attempt to argue, elicit testimony about, or refer to Chapter 28 of the Kansas Administrative Regulations at trial.  However, these regulations are irrelevant to the issues in this case, and any reference to these regulations may confuse or prejudice the jury, and should not be admitted at trial.

K.A.R. § 28-34-3b, entitled "Patient Rights," provides that "the governing body shall ensure that the facility establishes policies and procedures which support the rights of all

inpatients and outpatients." K.A.R. § 29-34-3b(a). The regulation contains certain minimum topics which must be addressed in any such administrative policy or procedure.

This regulation is irrelevant to the case at bar. First, the regulation merely requires a hospital to <u>establish</u> policies and procedures supporting patients' rights. Plaintiff has not sought, through discovery, the applicable policies and procedures held by Olathe Medical Center pursuant to this regulation and therefore has no basis under which to argue any defendant is not compliant with the regulation. Further, the regulation does not create a private cause of action on the part of a patient. Finally, this regulation is wholly inapplicable to nurses Davenport Smith and Wheeler, as the regulation applies to a hospital's governing body and not to a hospital's employees. Accordingly, this regulation is irrelevant to the issues in this case (i.e., whether the OMC Defendants met the standard of care in their evaluation of plaintiff) and reference to this regulation would only serve to confuse the jury.

DATED:  June 28, 2011.

Respectfully submitted:

/s/ Shannon D. Cohorst
Todd A. Scharnhorst                                KS #16863
Shannon D. Cohorst                                 KS #23496
SCHARNHORST AST & KENNARD, P.C.
1000 Walnut, Suite 1550
Kansas City, Missouri 64106-2143
Telephone: (816) 268-9400
Facsimile: (816) 268-9409
E-mail: tas@sakfirm.com; sdc@sakfirm.com
*Counsel for Defendants Olathe Medical Center, Inc.,
Melissa Davenport, R.N. and Kimberly Wheeler, R.N.*

**CERTIFICATE OF SERVICE**

I certify that on the 28th day of June, 2011, a true and accurate copy of the foregoing was served on the following counsel of record via the Court's electronic filing (ECF) system:

Jeremiah Johnson
THE LAW OFFICES OF JEREMIAH JOHNSON, LLC
104 E. Poplar
Olathe, KS 66061
jeremiah@kcatty.com
*Counsel for Plaintiff*

Michael K. Seck
Marc N. Middleton
FISHER, PATTERSON, SAYLER & SMITH, LLP
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS 66210
mseck@fisherpatterson.com
*Counsel for Defendants Olathe Police Department,
Lee Kibbee, and Wesley Smith*

Trevin Wray
Tucker Poling
HOLBROOK & OSBORN, P.A.
7400 West 110th Street, Suite 600
Overland Park, Kansas 66210
twray@holbrookosborn.com
*Counsel for Defendant Ronald Karlin, M.D.*

                     /s/  Shannon D. Cohorst
                     *Attorney*