IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | | |
|---|---|---|
| SAMANTHA COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-02133-KHV-DJW |
| | ) | |
| LEE KIBBEE, | ) | |
| WESLEY SMITH, | ) | |
| CITY OF OLATHE, KANSAS, | ) | |
| OLATHE HEALTH SYSTEM, INC. | ) | |
| MELISSA DAVENPORT, | ) | |
| KIMBERLY WHEELER, | ) | |
| OLATHE MEDICAL CENTER, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff Samantha Cook, by and through counsel Jeremiah Johnson, moves the Court for an Order in limine excluding the following testimony, presentation of evidence, and discussions or arguments at trial:

I. Plaintiff's actions after July 12, 2009 including any criminal actions or cases involving Plaintiff, other than Johnson County Kansas District Court case no. 08CR880.

II. Plaintiff's employment as an "exotic dancer" or "stripper."

**STANDARD APPLICABLE TO MOTIONS IN LIMINE**

Plaintiff genrally agrees with Defendants' standard and borrows heavily from it. Motions in limine "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Smith v. Bd. of County*

*Commissioners,* No. 01-4018-SAC, 2003 WL 21293565,*1 (D. Kan. May 27, 2003); *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir.1996)). Motions in limine also may "save the parties time, effort, and cost in preparing and presenting their cases." *Id.* (citing *Pivot Point Intern., Inc. v. Charlene Products, Inc.,* 932 F.Supp. 220, 222 (N.D.Ill.1996)). However, this Court has noted it is better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. *Id.*

The movant requesting exclusion of the evidence has the burden of demonstrating the evidence is inadmissible on "any relevant ground." *Id.* Pursuant to the Federal Rules, relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. While generally all relevant evidence is admissible, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

**I.       Information regarding Plaintiff's actions after July 12, 2009**

Defendants should be prohibited from making any reference, at any time, to Plaintiff's actions after July 12, 2009.  Plaintiff is specifically concerned about any mention of the cause of her current incarceration in Florida prison.  This insormation would be extremely prejudicial while offering little, if any, probative value.  Fed. R. Evidence 609(a) and Fed. R. Evidence 403 are applicable to this issue.

Fed. R. Evidence 609(a) permits a court to allow the introduction of a conviction if the court "determines that the probative value of the evidence outweighs its prejudicial value.

Fed. R. Evidence 403 similarly deals with the probative value versus prejudicial value analysis, stating "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…"

The probative value of Plaintiff's Florida convictions is minimal, however the prejudicial value is overwhelming. Plaintiff was accused and convicted of a sex crime against a juvenile, which would undoubtedly cause jurors to think of her in an extremely negative light. The level of prejudice this information would cause would be sufficient to deny Plaintiff a fair trial. The Court should issue an Order in Limine prohibiting the introduction of this information.

**II.    Information regarding Plaintiff's employment as an "exotic dancer"**

Defendants should be prohibited from making any reference, at any time, to Plaintiff's employment as an exotic dancer because this information would be highly prejudicial while having little probative value. Fed. R. Evidence 403 is applicable to this issue.

Fed. R. Evidence 403 states "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…"

The prejudicial value of Plaintiff's employment as an exotic dancer is potentially very high, especially if jurors personally object to employment in the exotic dancing industry. On the other hand, the probative value of this information

is extremely limited. Thus, the Court should issue an Order in Limine excluding any information regarding Plaintiff's employment as an exotic dancer.

                                                            Respectfully submitted by,

                                                            /S/ Jeremiah Johnson

                                                            Jeremiah Johnson, KS#22726
                                                                          104 E. Poplar
                                                                        Olathe, KS 66061
                            (913) 764-5010\Fax: (913) 764-5012
                                                                (913) 406-0732
                                                            jeremiah@kcatty.com

**CERTIFICATE OF SERVICE**

        I certify that on July 1, 2011, I electronically filed this notice, causing a copy to be sent to the following:

Trevin Wray, KS
HOLBROOK & OSBORN, P.A.
7400 West 110th Street, Suite 600
Overland Park, Kansas 66210-2362
(913)342-2500\Fax: (913)342-0603
twray@holbrookosborn.com
**ATTORNEY FOR DEFENDANTS**
**DR. RONALD KARLIN**

Michael K. Seck #11393
FISHER, PATTERSON, SAYLER & SMITH, LLP
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas 66210
(913)339-6757\Fax: (913)339-6187
mseck@fisherpatterson.com
**ATTORNEY FOR DEFENDANTS**
**LEE KIBBEE, WESLEY SMITH AND**
**CITY OF OLATHE, KANSAS POLICE DEPARTMENT**

Todd A. Scharnhorst,
Shannon D. Cohorst,
SCHARNHORST AST & KENNARD, P.C.
1000 Walnut, Suite 1550
Kansas City, MO 64106
816)268-9401\Fax: (816)268-9409
tas@sakfirm.com
**ATTORNEY FOR DEFENDANTS**
**MELISSA DAVENPORT AND KIM WHEELER**
**OLATHE HEALTH SYSTEMS, INC.**

/S/ Jeremiah Johnson

_____
Jeremiah Johnson, KS#22726