**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SAMANTHA COOK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OLATHE MEDICAL CENTER, INC., et al., )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION<br><br>No. 10-2133-KHV |

**MEMORANDUM AND ORDER**

Samantha Cook brings suit against Olathe Medical Center, Inc. ("OMC"), Melissa Davenport and Kim Wheeler, nurses at OMC; Ronald Karlin, a doctor at OMC; the City of Olathe; and Lee R. Kibbee and Wesley H. Smith, Olathe police officers. Against the City of Olathe, Kibbee and Smith, plaintiff asserts claims under 42 U.S.C. § 1983 for violation of constitutional rights. See Pretrial Order (Doc. #209) filed April 27, 2011 at 18-22.

On July 11, 2011, the Court entered a memorandum and order which granted summary judgment in favor of defendants on plaintiff's claim that Kibbee performed an unconstitutional search and plaintiff's claims against the City of Olathe. See Doc. #239. Following the summary judgment order, the following claims remained in the case: (1) against Kibbee and Smith, excessive force in the ambulance in violation of the Fourth Amendment; and (2) against Karlin, OMC, Wheeler and Davenport, medical negligence and failure to obtain informed consent in violation of state law. See Pretrial Order (Doc. #209) at 18-24.

As to state law claims, plaintiff invokes supplemental jurisdiction under 28 U.S.C. § 1367. See id. at 2. Section 1367 provides in part as follows:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise

>by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. * * *
>
>(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
>>(1) the claim raises a novel or complex issue of State law,
>>(2) the claim substantially predominates over the claim or claims over which the district cour
>>(3) the district court has dismissed all claims over which it has original jurisdiction, or
>>(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(a) and (c). To exercise supplemental jurisdiction, the state law claims must share a "common nucleus of operative fact" with claims which support the Court's original jurisdiction. See Price v. Wolford, 608 F.3d 698, 703 (10th Cir. 2010); Barr v. Diguglielmo, 348 Fed. Appx. 769, 774 (3d Cir. 2009). A "mere tangential overlap of facts" is insufficient to confer supplemental jurisdiction. Barr, 348 Fed. Appx. at 774 (quoting Nanavati v. Burdette Tomlin Mem'l Hosp.,857 F.2d 96, 105 (3d Cir. 1988)).

Regarding claims which remain in the case, plaintiff's state law claims have little or no relation to her federal claim. The remaining federal claim is against Kibbee and Smith for excessive force in the ambulance. It involves events which occurred between plaintiff and Kibbee and Smith, before they arrived at the hospital. The state law claims are against a different set of defendants – Karlin, OMC, Wheeler and Davenport – and involve the standard of medical care which plaintiff received at the hospital. Under these circumstances, the state law claims are not "so related to [the remaining federal claim] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Accordingly, the Court may decline to exercise supplemental jurisdiction over the state law claims.

See, e.g., Pamer v. Schwarzenegger, No. CIV S-07-1902-MCE-CMK-P, 2010 WL 5418867, at *9 (E.D. Cal. Dec. 23, 2010) (court should decline to exercise supplement jurisdiction over state claims unrelated to remaining federal claims); Kaufman v. Frank, No. 06-C-205-C, 2006 WL 1982692, at * 34 (W.D. Wis. July 13, 2006) (dismissing state claims unrelated to federal claim on which plaintiff proceeded); Walters v. City of Andalusia, 89 F. Supp.2d 1266, 1286-88 (M.D. Ala. 2000) (no supplemental jurisdiction over state claims unrelated to remaining federal claim).

Moreover, in this case, plaintiff's state law claims raise novel or complex issues of Kansas law. In particular, plaintiff's claims regarding failure to obtain informed consent will require the Court to determine issues of state law including (1) whether plaintiff may assert informed consent claims against the hospital and its nurses; (2) whether plaintiff must present expert testimony when she alleges that defendants made no disclosures and did not attempt to obtain her consent; (3) who bears the burden of proof regarding an emergency exception to the informed consent rule, including whether plaintiff must present expert testimony on the matter; (4) who bears the burden to show whether plaintiff was capable of consent, including whether plaintiff must present expert testimony on the matter; (5) whether plaintiff must present expert testimony to show causation on her informed consent claims; and (6) whether plaintiff can recover damages for emotional distress on her informed consent claims. Defendants have filed motions for summary judgment on the limited issues of whether plaintiff must present expert testimony to show breach of the standard of care and causation. See Docs. #157, #194. The parties' summary judgment briefing sheds little or no light on the issues outlined above. Moreover, the Court's research reveals that Kansas law on these issues is not clearly established. Accordingly, pursuant to Section 1367(c)(1), the Court may decline to exercise supplemental jurisdiction over the state law claims because they raise novel and complex issues of

state law. See, e.g., Wallin v. Dycus, 224 Fed. Appx. 734, 740 (10th Cir. Feb. 23, 2007); Fillmore v. Echkorn, 77 F.3d 492 (Table), 1996 WL 82189, at *2-3 (10th Cir. Feb. 27, 1996).

In addition, under Section 1376(c)(2), the state law claims substantially predominate over the remaining federal claim. Plaintiff's claim for excessive force involves straightforward legal principles and will require only a simple factual determination regarding what happened in the ambulance between plaintiff and Kibbee and Smith. The state law claims, on the other hand, involve novel and complex legal issues and will require involved fact-finding regarding events which happened at the hospital, including whether an emergency situation existed so as to relieve defendants of the duty to obtain informed consent and whether plaintiff was capable of giving consent. Under these circumstances, pursuant to Section 1376(c)(2), the Court may decline to exercise supplemental jurisdiction over the state law claims because they substantially predominate over the remaining federal claim. See, e.g., Herrara v. Zavares, No. 09-cv-01229-MSK-KLM, 2010 WL 3853312, at *9 (D. Colo. Sept. 28, 2010); James v. Sun Glass Hut of Calif., Inc., 799 F. Supp. 1083, 1084-85 (D. Colo. 1992).

Under these circumstances, the Court will decline to exercise supplemental jurisdiction over the state law claims. In reaching this decision, the Court considers judicial economy, convenience, fairness and comity. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). The Court is mindful that the parties have completed discovery and the case is only a few weeks from trial. Nevertheless, given the limited scope of the remaining federal claim and the novel and complex issues raised in the state law claims, judicial economy will be served by declining to exercise supplemental jurisdiction over the state law claims. On these facts, the Court finds no compelling reason to exercise supplemental jurisdiction to decide the merits of plaintiff's state law claims. See

Thatcher Enterprises v. Cache County Corp., 902 F.3d 1472, 1748 (10th Cir. 1990) (notions of comity and federalism demand that state court try its own lawsuits absent compelling reasons to contrary).

**IT IS THEREFORE ORDERED** that the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff's claims for medical negligence and failure to obtain informed consent against Olathe Medical Center, Inc., Melissa Davenport, Kim Wheeler and Dr. Ronald Karlin are hereby **DISMISSED without prejudice.** The only claim which remains in the case is plaintiff's claim against Lee R. Kibbee and Wesley H. Smith for excessive force in the ambulance.

**IT IS FURTHER ORDERED** that in light of this ruling, the following motions are overruled as moot: Ronald Karlin, M.D.'s Motion For Summary Judgment (Doc. #156) filed December 29, 2010; Defendants' Motion For Summary Judgment (Doc. #194) filed April 7, 2011; Ronald Karlin, M.D.'s Motions In Limine (Doc. #225) filed June 27, 2011; and Defendants' Motions In Limine (Doc. #229) filed June 28, 2011.

Dated this 14th day of July, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge