## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMANTHA COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 10-2133-KHV** |
| OLATHE MEDICAL CENTER, INC., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## <u>MEMORANDUM AND ORDER</u>

Samantha Cook brings suit against Olathe Medical Center, Inc. ("OMC"), Melissa Davenport and Kim Wheeler, nurses at OMC; Ronald Karlin, a doctor at OMC; the City of Olathe; and Lee R. Kibbee and Wesley H. Smith, Olathe police officers. Following the Court's recent orders, plaintiff's only remaining claim is against Kibbee and Smith for excessive force in the ambulance in violation of the Fourth Amendment.[1] <u>See</u> <u>id.</u> at 5. The case is scheduled for trial on August 1, 2001. This matter comes before the Court on <u>Plaintiff's Motion To Amend The Pretrial Order Due To Deposition Testimony Of Defendants Kibbee And Smith</u> (Doc. #248) filed July 22, 2011. For reasons stated below, the Court overrules the motion.

---

[1] In the pretrial order, plaintiff asserts claims against the City of Olathe, Kibbee and Smith under 42 U.S.C. § 1983 for violation of constitutional rights. <u>See</u> <u>Pretrial Order</u> (Doc. #209) filed April 27, 2011 at 18-22. Against OMC, Davenport, Wheeler and Karlin, plaintiff asserts medical malpractice claims under Kansas law. <u>See</u> <u>id.</u> at 22-24.

On July 11, 2011, the Court granted summary judgment on plaintiff's claim that Kibbee performed an impermissible search in violation of the Fourth Amendment and all claims against the City. <u>See</u> Doc. #239. On July 14, 2011, the Court entered an order which declined to exercise supplemental jurisdiction over plaintiff's state law claims. <u>See</u> Doc. #244.

**Legal Standards**

**I.     Motion To Amend Pretrial Order**

Under Rule 16(d), Fed. R. Civ. P., the pretrial order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d); <u>see also</u> D. Kan. Rule 16.2(c).[2]  A pretrial order may be modified "only to prevent manifest injustice." <u>Davey v. Lockheed Martin Corp.</u>, 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)).  A party seeking to amend the pretrial order has the burden to demonstrate that manifest injustice would otherwise occur. <u>See id.</u> at 1208.  The Court exercises discretion in deciding whether to modify the pretrial order. <u>See id.</u>; <u>Koch v. Koch Indus., Inc.</u>, 203 F.3d 1202, 1222 (10th Cir. 2000).  In so doing, the Court considers the following factors: (1) disruption to the orderly and efficient trial of the case by inclusion of the new issue; (2) prejudice or surprise to the party opposing trial of the issue; (3) ability of the party to cure any prejudice; and (4) bad faith by the party seeking to modify the order. <u>See</u> <u>Koch</u>, 203 F.3d at 1222 (citation omitted).  In applying these factors, the Court must strive to assure "the full and fair litigation of claims." <u>Joseph Mfg. Co. v. Olympic Fire Corp.</u>, 986 F.2d 416, 420 (10th Cir. 1993).  Amendment is proper if the moving party shows that "the facts on which it bases its motion did not exist or could not be synthesized before" the pretrial order deadline by the exercise of diligence. <u>Masek Distrib., Inc. v. First State Bank & Trust Co.</u>, 908 F. Supp. 856, 858 (D. Kan. 1995); <u>see</u>

---

[2]     D. Kan. Rule 16.2(c) states as follows:

Effect of Pretrial Order. The pretrial order, when approved by the court and filed, together with any memorandum entered by the court at the conclusion of the final pretrial conference, controls the subsequent course of the action unless modified by:
(1) consent of the parties and court; or
(2) an order of the court to prevent manifest injustice.

D. Kan. Rule 16.2(c).

Joseph Mfg. Co, 986 F.2d at 419 (manifest injustice not established if party "could have raised" defense, or potential of the defense, at pretrial hearing).

The Tenth Circuit has explained that an attempt to add a new claim to the pretrial order is "the equivalent of asking leave to amend [the] complaint, and must be evaluated by the court under the standards set forth in Rule 15(a)."  Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006); Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006); see Hunter v. The Buckle, Inc., 488 F. Supp.2d 1157, 1170 (D. Kan. 2007).  Under Rule 15(a), the Court will generally deny leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment.  See Duncan v. Manager, Dept. of Safety, City & County of Denver, 397 F.3d 1300, 1315 (10th Cir.2005).  Leave to amend is within the sound discretion of the Court.  See Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991).  Rule 15(a) instructs the Court to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).

**II.    Motion For Reconsideration**

The Court has discretion whether to grant a motion to reconsider.  See Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995).  A motion which asks the Court to reconsider a non-dispositive order shall be based on (1) intervening change in controlling law, (2) availability of new evidence or (3) need to correct clear error or prevent manifest injustice.  D. Kan. Rule 7.3(b).[3]  In general, the Court should deny a motion to reconsider unless it clearly demonstrates

---

[3]        D. Kan. Rule 7.3(b) states as follows:

Parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time.  A motion to reconsider must be based on:

(continued...)

manifest error of law or fact or presents newly discovered evidence.  See Sump v. Fingerhut, Inc.,

208 F.R.D. 324, 327 (D. Kan. 2002).  Reconsideration may be appropriate if the Court has

misapprehended the facts, a party's position or controlling law.  See Servants of Paraclete v. Does,

204 F.3d 1005, 1012 (10th Cir. 2000).

### Analysis

Plaintiff seeks to amend the pretrial order to add claims.  In addition, plaintiff asks the Court

to reconsider its summary judgment ruling and a magistrate judge ruling which overruled her

motions for sanctions due to spoliation of evidence.

**I.      Motion To Amend Pretrial Order**

Plaintiff asks the Court to amend the pretrial order to add claims that defendants (1) used

excessive force in taking blood and urine against her will and (2) failed to provide exculpatory

evidence in state criminal proceedings.  As an initial matter, plaintiff's motion does not comply with

D. Kan. Rule 15.1(a).[4]  In particular, plaintiff does not set forth a concise statement of the proposed

amendment or attach a proposed amended pretrial order.  See D. Kan. Rule 15.1(1) and (2).  Plaintiff

---

[3](...continued)
(1) an intervening change in controlling law;
(2) the availability of new evidence; or
(3) the need to correct clear error or prevent manifest injustice.

D. Kan. Rule 7.3(b).

[4]      Rule 15.1(a) states as follows:

A party filing a motion to amend or a motion for leave to file a pleading or other
document that may not be filed as a matter of right must:
(1) set forth a concise statement of the amendment or leave sought;
(2) attach the proposed pleading or other document; and
(3) comply with the other requirements of D. Kan. Rules 7.1 through 7.6.

D. Kan. Rule 15.1(a).

states that upon instruction by the magistrate judge, to preserve her excessive force claims for review by Judge Vratil, she filed an attachment to the pretrial order.[5]  See Memorandum In Support Of Plaintiff's Motion To Amend The Pretrial Order Due To Deposition Testimony Of Defendants Kibbee And Smith ("Plaintiff's Memorandum") at 3-4, exhibit 1 to Doc. #248; Plaintiff's Attachment To The Parties' Proposed Pretrial Order (Doc. #209-1) filed April 27, 2011.  Under these circumstances, the Court will consider the attachment to the pretrial order in lieu of requirements under D. Kan. 15.1 (1) and (2) that plaintiff provide a concise statement of the proposed amendment and attach a proposed amended pretrial order.

In her attachment to the pretrial order, plaintiff lists the following proposed theories of recovery:

>    1.    Proposed Theory of Recovery No. 1:  Plaintiff asserts a claim under 42 U.S.C. §1983 claim against Defendants Kibbee and Smith for excessive force during the taking of blood and urine samples taken for law enforcement

_____

[5]     Plaintiff asserts that she understood that by filing an attachment to the pretrial order, she preserved her claims to be reviewed by the district court judge at the parties' final pretrial conference.  See Plaintiff's Memorandum (Doc. #248-1) at 4-5.

Plaintiff's attachment to the pretrial order is entitled "Plaintiff's Attachment To The Parties' Proposed Pretrial Order."  Doc. #209-1.  In the attachment, plaintiff states as follows:

> Plaintiff believes that the second set of blood and urine samples taken at OMC were not addressed by Defendant's Motion for Summary Judgment nor the Court's Order regarding the Motion.  Plaintiff believes that the facts in Defendants' summary judgment motion clearly establish that only one blood and one urine sample were needed for hospital purposes.  Plaintiff believes that because the second set of samples were not taken for hospital use, their collection violated Plaintiff's rights to the extent that she was harmed beyond the time and force necessary to obtain the first set of samples. (Paragraphs 45, 46, 47, 48, 49; Count VI of Plaintiff's Second Amended Complaint).

Id. at 1.  In the attachment, plaintiff does not state that the Court has made any rulings regarding the proposed claims, nor does she ask the Court to make any rulings in that regard.  Until now, plaintiff did not ask the Court to review or modify the pretrial order in any way.

and not hospital purposes.

2.      Proposed Theory of Recovery No. 2:  Plaintiff asserts a claim under
        42 U.S.C. §1983 that Defendants Kibbee and Smith violated her Fourth
        Amendment right to be free from unreasonable searches and seizures when
        they participated in the nonconsensual taking of blood and urine samples for
        law enforcement purposes.

3.      Proposed Theory of Recovery No. 3:  Plaintiff asserts a claim under
        42 U.S.C. §1983 that Defendants OMC, Wheeler, and Davenport violated her
        Fourth Amendment right to be free from unreasonable searches and seizures
        when they acted in concert with Defendants Kibbee and Smith to facilitate
        the nonconsensual taking of blood and urine samples for law enforcement
        purposes.

4.      Proposed Theory of Recovery No. 4:  Plaintiff asserts a claim under
        42 U.S.C. §1983 that Defendants OMC, Wheeler, and Davenport used
        excessive force when they acted in concert with Defendants Kibbee and
        Smith to facilitate the nonconsensual taking of blood and urine samples for
        law enforcement purposes.

5.      Proposed Theory of Recovery No. 5:  Plaintiff asserts a claim under
        42 U.S.C. §1983 that Defendants Kibbee and Smith violated her Fourth,
        Fifth, Sixth, and Fourteenth Amendment rights when they failed to preserve
        exculpatory or potentially exculpatory audio and video evidence.  Plaintiff
        acknowledges that this claim was not separately pled in her Second Amended
        Petition, however Plaintiff believes the basic facts of the claim are contained
        in paragraphs 14, 19, 21, 22, 23, 33, 34, 59, 60, 61, 62, 63, 64.  Plaintiff
        believed the depositions of Kibbee and Smith, which were delayed pending
        the Court's determination of qualified immunity, were the onlu [sic] would
        allow her to Amend her Petition and specifically name the acts pertaining to
        these violations.

6.      Proposed Theory of Recovery No. 6:  Plaintiff further asserts a claim under
        42 U.S.C. §1983 that Defendants Kibbee and Smith violated her Fourth,
        Fifth, and Sixth Amendment rights when they failed to produce exculpatory
        or potentially exculpatory audio and video evidence. Specifically, Plaintiff
        claims that Defendants Smith and Kibbee conspired to withhold the audio
        and video recordings from Defendant Smith's patrol car when they agreed to
        withhold these recordings from Plaintiff. Plaintiff further claims that
        Defendant Kibbee deliberately turned off the audio microphone linked to his
        in-car video recording, then failed to turn it back on, resulting in the failure
        to record much of the contact with Plaintiff that is the genesis of this case.
        Finally, Plaintiff alleges that Defendants Smith and Kibbee deliberately

turned off or, in the alternative, deliberately erased their "belt" audio recordings taken during their contact with Samantha Cook. Plaintiff acknowledges that this claim was not separately pled in her Second Amended Petition, however Plaintiff believes the basic facts of the claim are contained in paragraphs 14, 19, 21, 22, 23, 33, 34, 59, 60, 61, 62, 63, 64. Plaintiff believed the depositions of Kibbee and Smith, which were delayed pending the Court's determination of qualified immunity, would allow her to Amend her Petition and specifically name the acts pertaining to these violations.

Doc. #209-1 at 2-4.

**A.     Whether To Amend Pretrial Order To Include Proposed Theories Of Relief In Attachment To Pretrial Oder**

Although plaintiff's motion is not entirely clear, it appears that she seeks to amend the pretrial order to include the proposed theories of relief stated in her attachment to the pretrial order.[6] In deciding whether to modify the pretrial order, the Court considers the following factors: (1) disruption to the orderly and efficient trial of the case by inclusion of the new issues; (2) prejudice or surprise to defendants; (3) ability of defendants to cure any prejudice; and (4) bad faith by plaintiff. See Koch, 203 F.3d at 1222.

As to the first factor, allowing the proposed amendment will disrupt the orderly and efficient trial of the case. As noted, the Court has dismissed all but one claim and trial is set for August 1, 2011. To allow the proposed amendment at this late date would require a continuance of trial and piecemeal summary judgment rulings by the Court. This factor weighs against allowing the proposed amendment.

---

[6]     Plaintiff's motion does not mention the claims asserted under the third and fourth proposed theories of recovery, i.e. Section 1983 claims against OMC, Wheeler and Davenport. Out of an abundance of caution, the Court assumes for purposes of this ruling that plaintiff seeks to amend the pretrial order to include these claims as well.

To the extent plaintiff argues that recent deposition testimony by Kibbee and Smith justifies amending the pretrial order, the Court addresses those arguments below.

The second factor, i.e. prejudice or surprise to defendants, also weighs against amendment. It appears that the parties conducted discovery on the proposed claims and defendants included them in their summary judgement motions. Nevertheless, as noted, to allow the proposed amendment at this late date would require a continuance of trial and additional summary judgment rulings by the Court. Defendants have been preparing for trial next week on one claim. To allow the proposed amendment would require defendants to suspend that trial preparation and prepare for a later trial on additional claims.

The third factor, i.e. ability of defendants to cure any prejudice, also weighs against amendment. If the Court were to amend the pretrial order, continue trial and make additional summary judgment rulings, defendants would bear additional litigation costs which they could not recover.

The fourth factor, i.e. bad faith by the party seeking to modify the order, also weighs against amendment. The Court does not discern bad faith on plaintiff's part. Nevertheless, plaintiff clearly failed to exercise due diligence in the circumstances. See, e.g., 103 Investors I, L.P. v. Square D Co., 222 F. Supp.2d 1263, 1269-70 (D. Kan. 2002), rev'd in part on other grounds, 372 F.3d 1213 (10th Cir. 2004). Plaintiff has known for at least three months, since April 27, 2011, that the Court did not include her proposed theories of relief in the pretrial order. See Doc. #209. Plaintiff did not ask the Court to reconsider or modify the pretrial order. Instead, she sat back and watched while defendants filed a motion for summary judgment on excluded claims and argued in their reply brief that plaintiff did not include the claims in the pretrial order.[7]

_____

[7] Defendants filed their motion for summary judgment on April 8, 2011, before the Court entered the pretrial order on April 27, 2011. The Court's scheduling order required the parties to submit the proposed pretrial order by March 14, 2011 and file dispositive motions by April 8,

(continued...)

On April 8, 2011, Kibbee, Smith and the City of Olathe filed a motion for summary judgment on plaintiff's remaining claims.  See Doc. #196.  In the motion, defendants addressed claims which did not end up in the pretrial order, i.e. claims that defendants failed to preserve evidence and that Kibbee and Smith violated plaintiff's constitutional rights by taking blood and urine samples.[8]  See Doc. #197 at 19-22.  On April 29, 2011, two days after the Court entered the pretrial order, plaintiff responded to the motion.  See Doc. #211.  Plaintiff addressed the merits of defendants' arguments.  See id. at 18-25.  She did not mention any disagreement as to whether the Court should have included claims in the pretrial order.  See id.  On May 12, 2011, defendants filed their reply.  See Doc. #214.  In the reply, defendants asserted that the pretrial order did not include plaintiff's claims regarding preservation of evidence and violation of constitutional rights in taking blood and urine samples.  See id. at 15-16.  Plaintiff did not seek leave to file a sur-reply or ask the Court to amend the pretrial order.  On July 11, 2011, the Court sustained defendants' motion for summary judgment.  With regard to claims that Kibbee and Smith did not preserve evidence and violated constitutional rights in taking blood and urine samples, the Court found that plaintiff did not assert such claims in the pretrial order and therefore waived the claims.  See Doc. #239 at 11 n.13.

On this record, the Court finds that plaintiff has unduly delayed requesting an amendment

---

[7](...continued)
2011.  See Doc. #65 filed August 11, 2010.  On March 21, 2011, Magistrate Judge David J. Waxse held a final pretrial conference and required the parties to file a revised pretrial order by March 31, 2011.  See Doc. #189.  On April 4, 2011, Judge Waxse extended  the deadline to April 4, 2011.  See Doc. #193.  In the same order, Judge Waxse stated that he could not extend the dispositive motion deadline.  On April 13, 2011, the magistrate judge held a continuation of the final pretrial conference and ordered the parties to submit a revised pretrial order by April 22, 2011.  See Doc. #202.  On April 27, 2011, the Court entered the pretrial order.  See Doc. #209.

[8]     As to failure to preserve evidence, defendants noted that the Court had not yet entered the pretrial order and they objected to inclusion of the claim.  See Doc. #197 at 19 n.1.

to the pretrial order. To allow an amendment at this late date would severely disrupt the orderly and efficient trial of the case and result in undue prejudice to defendants. See, e.g., <u>Las Vegas Ice & Cold Storage Co. v. Far W. Bank</u>, 893 F.2d 1182, 1185 (10th Cir. 1990) (untimeliness alone sufficient to deny leave to amend). Plaintiff has not shown that denying her leave to amend the pretrial order will result in "manifest injustice." <u>Lappin v. Gwartney</u>, No. 99-2292-KHV, 2000 WL 1532765, at *6-7 (D. Kan. Sept. 18, 2000). Accordingly, the Court will not amend the pretrial order to include the claims which plaintiff asserted in an attachment to the pretrial order.

**B.      Whether To Amend Pretrial Oder To Include Claim That Kibbee And Smith Used Excessive Force In Taking Blood And Urine For Law Enforcement Purposes**

Plaintiff seeks to amend the pretrial order to include a claim that Kibbee and Smith used excessive force in taking blood and urine samples for law enforcement purposes.[9] On March 1, 2011, based on qualified immunity, the Court granted summary judgment on some of plaintiff's claims against Kibbee and Smith. See (Doc. #185). Defendants sought summary judgment on, <u>inter alia</u>, plaintiff's claim that they used excessive physical force in holding her down for blood and urine draws.[10] See Doc. #78 at 10-12. In response to the motion, plaintiff did not claim that defendants used excessive physical force in holding her down. See Doc. #98 at 21-27. Rather, she claimed that

---

[9]      In her attachment to the pretrial order, plaintiff states the following proposed theory of relief:

Proposed Theory of Recovery No. 1: Plaintiff asserts a claim under 42 U.S.C. §1983 claim against Defendants Kibbee and Smith for excessive force during the taking of blood and urine samples taken for law enforcement and not hospital purposes.

Doc. #209-1 at 2.

[10]      Defendants do not seek summary judgment on plaintiff's claims that the blood and urine draws constituted unconstitutional searches. See Doc. #78 at 10-12.

the blood and urine draws were unconstitutional searches.  See id.  The Court found that to the extent plaintiff asserted that Kibbee and Smith used excessive physical force in obtaining blood and urine samples, defendants were entitled to summary judgment.[11]  See Doc. #185 at 25.  Plaintiff did not ask the Court to reconsider its ruling.

Now, plaintiff asks the Court to amend the pretrial order to include claims for excessive force regarding blood and urine draws.  See Doc. #248-1 at 5-10.  Plaintiff asserts that recent deposition testimony by Kibbee and Smith justifies the amendment.  See id.  Specifically, plaintiff points to testimony by Kibbee and Smith that she was competent during their roadside encounter and after they left the hospital, which she contends contradicts defendants' earlier claims that plaintiff was mentally incompetent to consent to blood and urine draws at the hospital.  See id. at 6-7.  Plaintiff asserts that Kibbee and Smith testified that they did not recall anyone discussing plaintiff's competence, and hospital records do not mention incompetence.  See id.  The Court, however, has not made any rulings regarding plaintiff's ability to consent to blood and urine draws.  Plaintiff has not shown that the recent deposition testimony warrants amending the pretrial order.

Plaintiff asserts that recent deposition testimony establishes that Kibbee and Smith took blood and urine samples, at least in part, for law enforcement purposes and that plaintiff clearly did not want to give the samples.  See id. at 8-10.  Such testimony is consistent with previous findings by the Court. In its ruling of March 1, 2011, the Court found that the summary judgment facts, viewed in a light most favorable to plaintiff, supported a finding that Kibbee and Smith helped cause

---

[11]    In addition, the Court granted summary judgment in favor of defendants on the claims that (1) Kibbee and Smith conducted an unconstitutional strip search of plaintiff (part of Count V); (2) Kibbee and Smith violated plaintiff's right to privacy or other patient rights (Count VIII); and (3) Kibbee and Smith are liable for battery under state law (Count II).  See Doc. #185 at 43.

the catheterization to occur to obtain a sample for criminal investigation purposes.  See Doc. #185

at 33.  Also, the Court found that because of plaintiff's combative behavior, defendants had to hold

her down so that  nurses could safely withdraw blood and urine samples.  See id. at 7.  These

findings are consistent with the testimony which plaintiff cites.

        In sum, plaintiff has not shown that recent deposition testimony by Kibbee and Smith

warrants amending the pretrial order.  As discussed above, plaintiff has unduly delayed requesting

to amend the pretrial order.  To allow an amendment at this late date would severely disrupt the

orderly and efficient trial of the case and result in undue prejudice to defendants.  See, e.g., Las

Vegas Ice, 893 F.2d at 1185 (10th Cir. 1990).  On this record, plaintiff has not shown that denying

her leave to amend the pretrial order will result in "manifest injustice."

        **C.      Whether To Amend Pretrial Oder To Include Claim That Kibbee And Smith
                Failed To Provide Exculpatory Evidence In State Criminal Proceedings**

        Plaintiff seeks to amend the pretrial order to include a claim that Kibbee and Smith failed

to provide exculpatory evidence in her state criminal proceedings.[12]    See Doc. #248-1 at 11-

---

        [12]         In her attachment to the pretrial order, plaintiff states the following proposed
theories of relief:

                Proposed Theory of Recovery No. 5:  Plaintiff asserts a claim under 42 U.S.C. §1983
                that Defendants Kibbee and Smith violated her Fourth, Fifth, Sixth, and Fourteenth
                Amendment rights when they failed to preserve exculpatory or potentially
                exculpatory audio and video evidence.  Plaintiff acknowledges that this claim was
                not separately pled in her Second Amended Petition, however Plaintiff believes the
                basic facts of the claim are contained in paragraphs 14, 19, 21, 22, 23, 33, 34, 59, 60,
                61, 62, 63, 64.  Plaintiff believed the depositions of Kibbee and Smith, which were
                delayed pending the Court's determination of qualified immunity, were the onlu [sic]
                would allow her to Amend her Petition and specifically name the acts pertaining to
                these violations.

                Proposed Theory of Recovery No. 6:   Plaintiff further asserts a claim under
                                                                                        (continued...)

-12-

19.  Plaintiff asserts that recent deposition testimony by Kibbee and Smith warrants the amendment.

Plaintiff contends that in recent depositions, Kibbee and Smith admitted that they did not provide audio and video recordings of plaintiff.  <u>See</u> Doc. #248-1 at 11-14.  In other words, plaintiff asserts that their deposition testimony supports her claims that defendants failed to provide exculpatory evidence, <u>i.e.</u> claims which she included in her attachment to the pretrial order but were not in the pretrial order which the Court entered on April 27, 2011.  Plaintiff cites no valid reason for her delay in seeking to amend the pretrial order to include such claims.  As discussed above, to allow the amendment at this late date would severely disrupt the orderly and efficient trial of the case and result in undue prejudice to defendants.  <u>See, e.g.</u>, <u>Las Vegas Ice</u>, 893 F.2d at 1185 (10th Cir. 1990).  On this record, plaintiff has not shown that denying her leave to amend the pretrial order will result in "manifest injustice."

---

[12](...continued)
42 U.S.C. §1983 that Defendants Kibbee and Smith violated her Fourth, Fifth, and Sixth Amendment rights when they failed to produce exculpatory or potentially exculpatory audio and video evidence.  Specifically, Plaintiff claims that Defendants Smith and Kibbee conspired to withhold the audio and video recordings from Defendant Smith's patrol car when they agreed to withhold these recordings from Plaintiff.  Plaintiff further claims that Defendant Kibbee deliberately turned off the audio microphone linked to his in-car video recording, then failed to turn it back on, resulting in the failure to record much of the contact with Plaintiff that is the genesis of this case.  Finally, Plaintiff alleges that Defendants Smith and Kibbee deliberately turned off or, in the alternative, deliberately erased their "belt" audio recordings taken during their contact with Samantha Cook.  Plaintiff acknowledges that this claim was not separately pled in her Second Amended Petition, however Plaintiff believes the basic facts of the claim are contained in paragraphs 14, 19, 21, 22, 23, 33, 34, 59, 60, 61, 62, 63, 64.  Plaintiff believed the depositions of Kibbee and Smith, which were delayed pending the Court's determination of qualified immunity, would allow her to Amend her Petition and specifically name the acts pertaining to these violations.

Doc. #209-1 at 2-4.  In the attachment, plaintiff acknowledges that she did not separately plead the claims in the second amended complaint.

**II.    Motion For Reconsideration**

Plaintiff asks the Court to reconsider its previous orders.  Although plaintiff's motion is not entirely clear, see Doc. #248-1 at 5-10, 15-19, she apparently seeks reconsideration of the Court's summary judgment order of March 1, 2011 (Doc. #185) and the magistrate judge ruling of February 2, 2011 which overruled plaintiff's motions for sanctions based on spoliation of evidence.[13] See Doc. #248-1 at 2 (stating facts relevant to plaintiff's motion).  Plaintiff asks the Court to reconsider the rulings based on recent deposition testimony by Kibbee and Smith.  Although plaintiff does not articulate it as such, she apparently seeks reconsideration based on availability of new evidence and/or need to prevent manifest injustice.  See D. Kan. Rule 7.3(b).

### A.    Whether To Reconsider Summary Judgment Order Of March 1, 2011 (Doc. #185)

As noted, in its order of March 1, 2011, the Court found that plaintiff did not claim that Kibbee and Smith used excessive force in obtaining blood and urine samples.[14]  Plaintiff asks the Court to reconsider its ruling based on recent deposition testimony by Kibbee and Smith.  Specifically, plaintiff contends that the Court should reconsider its ruling because their deposition testimony supports her claim that defendants used excessive force in taking her blood and urine.  See Doc. #248-1 at 5-10.  Plaintiff's argument misses the boat.  In its previous order, the Court did not rule on the merits of plaintiff's claim, i.e. it did not find that plaintiff had insufficient evidence

---

[13]    Plaintiff's motion is untimely under D. Kan. Rule 7.3, which requires parties seeking reconsideration of non-dispositive orders to file a motion within 14 days after the order is filed.  See D. Kan. Rule 7.3(b).

[14]    As noted, the Court found that plaintiff claimed that the non-consensual blood and urine draws constituted unconstitutional searches, not that defendants used excessive physical force in obtaining them.  See Doc. #185 at 25.

to show that defendants used excessive physical force in obtaining blood and urine draws.  Rather, the Court found that in response to defendants' motion for summary judgment, plaintiff did not claim that defendants used objectively unreasonable force in obtaining blood and urine samples. See Doc. #185 at 25.  The "newly acquired" evidence which plaintiff cites does not change that analysis.

Moreover, the new deposition testimony does not alter the factual basis of the Court's ruling. Plaintiff asserts that Kibbee and Smith testified that she was competent, while defendants have previously claimed that she was mentally incompetent to consent to blood and urine draws.  See id. at 6-7.  The  Court's previous ruling, however, did not depend on whether plaintiff was capable of consenting to blood and urine draws.

Plaintiff asserts that the deposition testimony shows that Kibbee and Smith took blood and urine samples, at least in part, for law enforcement purposes and that plaintiff clearly did not want to give the samples.  See id. at 8-10.  This evidence is consistent with the Court's previous findings. In the order of March 1, 2011, the Court found that the summary judgment facts, viewed in a light most favorable to plaintiff, supported a finding that Kibbee and Smith helped cause the catheterization to occur to obtain a sample for criminal investigation purposes.  See Doc. #185 at 33.  Also, the Court found that because of plaintiff's combative behavior, defendants had to hold her down so nurses could safely withdraw blood and urine samples.  See id. at 7.  These facts are consistent with the deposition testimony of Kibbee and Smith which plaintiff cites.  On this record, plaintiff has not shown an intervening change in controlling law, the availability of new material evidence or the need to correct clear error or prevent manifest injustice.  See D. Kan. Rule 7.3(b). The Court will not reconsider its ruling of March 1, 2011.

**B.      Whether To Reconsider Magistrate Judge Order Of February 2, 2011 (Doc. #180)**

On February 2, 2011, Magistrate Judge David J. Waxse overruled plaintiffs' motions for sanctions based on spoliation of evidence.  <u>See</u> Doc. #180.  In two motions, plaintiff sought spoliation sanctions, alleging that defendants destroyed four computer hard drives and did not preserve or produce Smith's in-car video.  <u>See</u> Docs. #116 and 132.  On February 2, 2011, Judge Waxse overruled both motions.  <u>See</u> Doc. #180.  Judge Waxse found that on February 12, 2009, plaintiff's counsel sent a Kansas Open Records Act request which triggered a duty for defendants to preserve evidence.[15]  <u>See</u> Doc. #180 at 8.  With regard to computer hard drives, Judge Waxse found that plaintiff had not shown that defendants destroyed the evidence after February 12, 2009.  <u>See</u> <u>id.</u> at 9.  With regard to Smith's in-car video, Judge Waxse found that plaintiff had not shown that the video existed or that defendants destroyed it.  <u>See</u> <u>id.</u>  Plaintiff did not object to the magistrate judge ruling.

Plaintiff urges the Court to reconsider the magistrate judge order based on newly acquired deposition testimony by Smith.  Specifically, plaintiff asserts that Smith testified that he saved his in-car video to police computers and that no one in the police department has contacted him regarding the video.  <u>See</u> Doc. #248-1 at 16-17.  Plaintiff contends that this testimony contradicts earlier evidence by defendants that Smith did not upload his car video, and Judge Waxse's finding that plaintiff had not shown that the in-car video existed.  <u>See</u> <u>id.</u> at 16-18.  Even if the newly acquired testimony would change Judge Waxse's conclusion that plaintiff did not show that the in-

---

[15]      Judge Waxse found that plaintiff had misplaced her focus on correspondence with the District Attorney's office during her criminal action and that February 12, 2009, was the earliest date on which defendants should have anticipated future litigation.  <u>See</u> Doc. #180 at 8.

car video existed, it sheds no light on his conclusion that plaintiff did not show that defendants destroyed the video.  As noted, Judge Waxse found that to prevail on her motion, plaintiff would need to show that defendants destroyed the evidence after February 12, 2009.  See Doc. #180 at 9. The deposition testimony which plaintiff cites sheds no light on whether defendants destroyed the in-car video and, if so, when that occurred.  On this record, plaintiff has not shown an intervening change in controlling law, the availability of new material evidence or the need to correct clear error or prevent manifest injustice.  See D. Kan. Rule 7.3(b).  The Court will not reconsider the magistrate judge order of February 2, 2011.

IT IS THEREFORE ORDERED that Plaintiff's Motion To Amend The Pretrial Order Due To Deposition Testimony Of Defendants Kibbee And Smith (Doc. #248) filed July 22, 2011 be and hereby is OVERRULED.

Dated this 28th day of July, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge